EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José A. Carattini, et als.<br><br>        Recurridos<br><br>              v.<br><br>Collazo Systems Analysis, Inc.,<br>A/K/A COLSA, Inc.; Compañía de<br>Seguros A, B, C y Simon Pristoop<br><br>        Peticionarios | Certiorari<br><br>2003 TSPR 1<br><br>158 DPR _____ |

Número del Caso: CC-2001-673


Fecha: 3 de enero de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI


Juez Ponente:
                    Hon. Carlos Soler Aquino


Abogados de la Parte Peticionaria:
                    Lcdo. Rafael Escalera Rodríguez
                    Lcda. Belkin Nieves González


Abogada de la Parte Recurrida:
                    Lcda. Luz Iraida González Turull



Materia: Reclamación de Horas Extras




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José A. Carattini, et als.,

    Recurridos

        vs.                            CC-2001-673      CERTIORARI

Collazo Systems Analysis, Inc.,
A/K/A COLSA, Inc.; Compañía de
Seguros A,B,C y Simon Pristoop

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 3 enero de 2003

## I

El presente caso se originó como resultado de una querella instada, el día 2 de marzo de 1995, ante la Sala de Humacao del Tribunal de Primera Instancia, por un grupo de diez y ocho (18) empleados de la corporación Collazo Systems Analysis, Inc., COLSA, al amparo del procedimiento sumario dispuesto por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*, contra la referida Compañía, contra Simon Pristoop, y contra las Compañías de Seguros A, B y C, en adelante, la parte querellada-peticionaria.

En la mencionada querella, los empleados reclamaron el pago de horas extras, los intereses legales correspondientes y una suma de honorarios, todo ello conforme las disposiciones de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 271 *et seq.*; del Reglamento Número 13 (4ta ed. Rev.) de la Junta de Salario Mínimo del Departamento del Trabajo y Recursos Humanos; del Código de Regulación Federal, 29 C.F.R. sec. 541.0 y ss.; y de las disposiciones de la Ley de Normas Razonables del Trabajo Federal de 1983, 29 U.S.C. 201 *et seq.*, mejor conocida como la *Fair Labor Standards Act.*[1]

En su contestación a la querella, COLSA alegó que, conforme el Reglamento Número 13 de la Junta de Salario Mínimo antes mencionado y el Reglamento Federal, 29 C.F.R. sec. 541.0 y ss., los empleados querellantes estaban exentos del pago de las horas extras reclamadas dado el carácter profesional y/o administrativo de las funciones que ejercían en la compañía.

Luego de los trámites y procedimientos de rigor, incluyendo la celebración del juicio en su fondo, el 7 de octubre de 1999, el tribunal de instancia dictó sentencia. Mediante dicho dictamen, declaró con lugar la reclamación de los empleados querellantes, determinando que, conforme la legislación y los reglamentos aplicables, éstos no

---

[1] Reclamaron los intereses legales correspondientes al amparo del Artículo 1649 del Código Civil, 31 L.P.R.A. sec. 4591, además de aquellos que correspondieran en derecho sobre la cantidad adeudada, según lo dispuesto en la Regla 44.3(a)(b) de las de Procedimiento Civil. Reclamaron honorarios de

clasificaban como profesionales por lo que correspondía se les compensara las horas extras reclamadas en la querella.[2] En vista de lo anterior, ordenó a COLSA satisfacer el pago por la cantidad adeudada de $354,827.41, en concepto de horas extras, compensadas a tiempo y medio, a favor de los empleados,[3] más los intereses legales correspondientes, además de $88,706.00 en concepto de honorarios de abogado. Se archivó en autos copia de la notificación de la referida sentencia el día 8 de octubre de 1999.

El 18 de octubre de 1999, los empleados querellantes presentaron oportuna moción solicitando determinaciones de hechos y conclusiones de derecho adicionales, conforme las disposiciones de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3. El 25 de octubre siguiente, la querellada COLSA radicó una moción similar.[4] COLSA presentó,

---

abogado conforme lo dispuesto para los procedimientos de reclamaciones laborales, véase 32 L.P.R.A. secs. 3114-3117.

[2] Halló al patrono incurso en violación a los Artículos 2, 3 y 5, de la Ley Núm. 379, ante, 29 L.P.R.A. secs. 271, 272 y 274, respectivamente; a la sección 207 de la Fair Labor Standards Act, 29 U.S.C. sec. 207; y del Código de Regulación Federal, 29 C.F.R. sec. 541.0 et seq.

[3] Basó tal determinación en las disposiciones contenidas en el Artículo 5 de la Ley Núm. 379, ante, 29 L.P.R.A. sec. 274; según tal artículo ordena que todo patrono de una industria en Puerto Rico cubierta por las disposiciones de la Ley de Normas Razonables del Trabajo (Fair Labor Standards Act), sólo vendrá obligado a pagar por cada hora extra de trabajo en exceso de la jornada legal de ocho (8) horas un tipo de salario a razón de, tiempo y medio del tipo convenido para las horas regulares.

[4] Precisa destacar que COLSA solicitó al Tribunal de Primera Instancia que realizara las siguientes conclusiones de derecho adicionales, a saber:

3(a) Que COLSA, Inc. tiene derecho a rembolsar a los querellantes aquellas deducciones a su salario efectuadas en

además, moción de reconsideración de la sentencia el 5 de noviembre. El 9 de noviembre del mismo año, el tribunal de instancia dictó resolución mediante la cual acogió la moción de reconsideración radicada por COLSA y, obviamente, las solicitudes de determinaciones de hecho y conclusiones de derecho adicionales presentadas por ambas partes.

Por su parte, el 12 de noviembre siguiente, los querellantes solicitaron reconsideración de la sentencia; solicitud que el tribunal acogió para evaluación en conjunto con las mociones antes mencionadas y pendientes de adjudicar. Valga señalar que, entre los reclamos contenidos en la referida moción de reconsideración, la parte querellante solicitó del tribunal que <u>enmendase</u> su sentencia a los efectos de ordenar a la querellada satisfacerle <u>el pago de una suma igual al doble</u> de la cantidad previamente impuesta a su favor mediante sentencia; cantidad que, según mencionáramos, se computó en unos $354,827.41. Basó tal solicitud en las disposiciones contenidas en el Artículo 13 de la Ley Núm. 379, 29 L.P.R.A. sec. 282, respecto a la imposición de pago de una suma igual al doble de la cantidad en concepto de horas extras no pagadas.[5]

---

violación de 29 CFR 541.118(a) con el propósito de preservar su condición de empleados exentos.

(b) Que por razón de su condición de profesionales exentos los querellantes no tienen derecho al pago de horas extras.

(c) Que ante las claras inconsistencias entre testimonio previo bajo juramento y el testimonio brindado bajo juramento en este caso, la querellante Isis Soraya Laham Bauzó incurrió en perjurio.

Solicitó, además, un total de siete (7) de determinaciones de hechos adicionales.

[5] La referida sección de ley lee, en lo pertinente, como sigue:

Atendidas las dos mociones presentadas por las partes al amparo de la Regla 43.3, ante, el 16 de diciembre de 1999, el tribunal emitió una <u>resolución</u> en la cual formuló ciertas determinaciones de hechos y conclusiones de derecho adicionales. <u>A tales fines, expresamente dispuso el tribunal que la referida resolución enmendaba la sentencia dictada el 7 de octubre</u>. Tal resolución fue <u>notificada y archivada</u> en autos el día 21 de diciembre de 1999 y puesta en el correo, el día 23 del mismo mes y año.

Ese mismo día 21 de diciembre de 1999, el tribunal resolvió, además, las dos mociones de reconsideración pendientes. Asimismo, <u>procedió a notificar nuevamente la sentencia original,</u>[6] titulando dicho escrito como "Relación del Caso, Determinaciones de Hechos, Conclusiones de Derecho y <u>Sentencia Enmendada</u>"; documento al que nos referiremos, en adelante, como "sentencia enmendada". Resulta importante señalar que, en la <u>parte dispositiva</u> de la misma, el tribunal expresamente decretó la imposición a la parte demandada del pago de una suma igual al doble de la cantidad previamente

---

Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, <u>más una suma igual por concepto de liquidación de daños y perjuicios</u>, además de las costas, gastos y honorarios de abogados del procedimiento. (Énfasis suplido.)

[6] Entiéndase la emitida el 7 de octubre de 1999, y notificada el día 8 de ese mismo mes y año.

impuesta en concepto de horas extras, cantidad monetaria que estimó procedía adjudicar en derecho a favor de los empleados, conforme a la Sección 216(b) de la Ley de Normas Razonables del Trabajo, (F.L.S.A.), 29 U.S.C. 216(b);[7] ello, como consecuencia de haber determinado, previamente, en la sentencia, que el patrono había incurrido en violación a la Sección 207 del referido estatuto federal.[8]

El 21 de diciembre de 1999 se archivó en autos copia de la notificación de la referida "sentencia enmendada"; día en que, según señaláramos, se notificó copia de la resolución acogiendo las determinaciones de hecho adicionales, siendo ambas depositadas en el correo el día 23 de diciembre de 1999.

_____

[7] Nótese que el tribunal a quo entendió procedente adjudicar tal suma, no a base del Artículo 13 de la Ley Núm. 379, ante, según solicitó la parte querellante; sino, a base de la sección 216(b) del estatuto federal .

La citada sección de ley provee en similares términos que el Artículo 13 de la Ley Núm. 379, ante, a los efectos del pago de una suma igual al doble de la cantidad adeudada en concepto de horas extras.

Así, dispone, en lo pertinente, como sigue:

...

b) Damages; right of action; attorney's fees and costs; termination of right of action

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case maybe, <u>and in an additional equal amount as liquidated damages</u>. (Énfasis suplido.)

[8] Precisa destacar, además, que tal escrito, al cual nos referiremos como "sentencia enmendada", constaba de <u>igual</u> número de páginas que el original; sesenta y ocho (68) páginas, <u>de idéntico contenido</u>, <u>salvo por la frase enmendatoria de la parte dispositiva antes mencionada</u>.

Así las cosas, el día 3 de enero de 2000, COLSA radicó una segunda moción solicitando determinaciones de hecho y conclusiones de derecho adicionales, alegando que la misma iba dirigida contra la "sentencia enmendada". [9] Presentó, además, ese mismo día, otra moción de reconsideración de la "sentencia enmendada". El día 14 de enero de 2000, el tribunal emitió dos órdenes separadas, mediante las cuales denegó de plano las dos mociones radicadas por la parte querellada. Se archivó en autos copia de la notificación de ambas el día 24 de enero de 2000.

Insatisfecha con tal proceder, el día 22 de febrero de 2000, COLSA acudió mediante escrito de apelación ante el Tribunal de Circuito de Apelaciones. El 14 de marzo de 2000, los empleados querellantes radicaron moción de desestimación del recurso presentado ante el tribunal apelativo alegando falta de jurisdicción de dicho foro para atenderlo.

En primera instancia, el tribunal apelativo intermedio declaró no ha lugar la referida moción de desestimación

---

[9] De suma importancia precisa destacar que esta segunda moción es idéntica a la primera, en cuanto a las determinaciones de hecho adicionales que solicitó la querellada COLSA contra la sentencia original.

En cuanto a la solicitud de conclusiones de derecho, las transcribió idénticas a como aparecen en la primera solicitud (véase nota al calce núm.4, *supra)*, excepto que añadió una conclusión de derecho adicional, a saber:

3(c) Que lo resuelto en los casos de Auer, et. al v. Robbins, 519 US 452 (1997); US Supreme Court, 3WH Cases 2d 1249, February 19, 1997, Digiore v. Ryan, 172 F.3d 454 (7th Cir. 1999) y Kelly v. City of Mount Vernon, 162 F.3d 765 (2nd Cir. 1998), sostienen las conclusiones de derecho (a) y (b) anteriores.

mediante resolución de fecha de 31 de agosto de 2000. Sin embargo, por sentencia de 20 de marzo de 2001, el referido foro reconsideró "*motu proprio*" dicha resolución, procediendo a declarar con lugar la moción de desestimación radicada por los empleados querellantes. En consecuencia, desestimó el recurso de apelación instado por la querellada; ello alegadamente por haberse radicado el mismo luego de expirado el término jurisdiccional para acudir en apelación.

COLSA presentó oportuna moción de reconsideración de la referida sentencia, la cual fue denegada. Inconforme con el dictamen emitido por el Tribunal de Circuito de Apelaciones, COLSA acudió ante este Tribunal vía recurso de certiorari. En su escrito, la peticionaria alega que el foro apelativo intermedio incidió al:

> "...determinar que la moción de determinaciones de hechos y conclusiones de derecho adicionales no interrumpió el término para acudir a dicho foro apelativo;
>
> ...[sic] Los empleados querellados son empleados exentos del pago de horas extras por estar expresamente excluidos de las disposiciones de la Ley Federal de Normas Razonables del Trabajo."

Expedimos el recurso. Contando con el beneficio de la comparecencia de ambas partes y, estando en posición de resolver el presente recurso, procedemos a así hacerlo.[10]

---

A tales efectos debemos señalar que el Tribunal de Primera Instancia consideró los tres casos al emitir su sentencia original y la enmendada.

[10] Según podemos apreciar, la controversia gira principalmente alrededor de los planteamientos relacionados a la norma procesal dispuesta en la Regla 43.3 de Procedimiento Civil.

## II

Reiteradamente hemos resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aun en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*. Juliá Padró v. Vidal, res. el 14 de febrero de 2001, 2001 TSPR 15; Vázquez v. A.R.P.E., 128 D.P.R. 153 (1991). Las cuestiones de jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia. De carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo y desestimar el caso. Vega Rodríguez v. Telefónica, res. el 17 de abril de 2002, 2002 TSPR 50.

En esencia, nos corresponde resolver en el presente caso si, luego de interrumpido el término para apelar mediante la presentación de una primera solicitud de determinaciones de hecho adicionales, y, luego de acogida, resuelta y dictada una sentencia enmendada a la luz de tal solicitud, (i) una parte afectada por tal sentencia enmendada puede radicar una segunda

---

Precisa destacar que nada se ha esbozado, ni por el foro apelativo, ni por las partes, en cuanto a la "segunda" moción de reconsideración radicada por la querellada COLSA. Claro está, ello nada abonaría a la resolución del caso de autos, pues, procedente o no en derecho tal "segunda" moción de reconsideración contra la "sentencia enmendada", de todos modos fue rechazada de plano por el tribunal de instancia. Ello mediante la orden emitida el 14 de enero de 2000. Por consiguiente, jamás tuvo efecto interruptor sobre el término para apelar. Véase Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, y su jurisprudencia interpretativa.

Aclarado lo anterior, limitamos nuestra discusión al asunto precisamente señalado por la peticionaria como error cometido por el tribunal apelativo; esto es, el error relacionado a la interpretación de la Regla 43.3.

solicitud de tal tipo; y, (ii) si esa segunda moción tiene el efecto de interrumpir el término para apelar.

Sabido es que la Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.2, dispone, en lo pertinente, que en todos los pleitos el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. Acorde con lo anterior, la Regla 43.3 de Procedimiento Civil dispone, en lo relativo al remedio post-sentencia de la moción solicitando determinaciones de hechos y conclusiones de derecho adicionales, que:

> No será necesario que se consignen determinaciones de hechos a los efectos de una apelación o revisión, pero a moción de parte presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. (Énfasis suplido.)

Como razón de ser de la solicitud al tribunal sentenciador para que determine hechos específicos y consigne sus conclusiones de derecho, se ha dicho que se le debe brindar al juez de instancia una oportunidad para que éste quede satisfecho de que ha atendido todas las controversias de forma propia y completa, y, además, permitirle a las partes y al foro apelativo estar completamente informados de la base de la decisión o dictamen emitido por el tribunal primario. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II,

San Juan: Publicaciones JTS, 2000, pág. 695; véase además, Firpo v. Pan American World, 89 D.P.R. 197, 218-219 (1963); Wright & Miller, 9 Federal Practice and Civil Procedure, 2d ed., sec. 2582.

Así, cualquiera de las partes en un pleito puede solicitar del tribunal que corrija o enmiende sus determinaciones de hechos o conclusiones de derecho iniciales, o formule determinaciones de hecho o conclusiones de derecho adicionales a las que inicialmente formuló, para que la sentencia quede adecuadamente fundamentada. Rafael Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan: Michie de Puerto Rico, 1997, sec. 5001, pág. 314.

En lo relativo a la moción de determinaciones de hechos adicionales, hemos de recordar que dicho mecanismo, utilizado legítimamente, va dirigido a la consecución de un ideal de justicia exento de errores. Roldán v. Lutrón, res. el 21 de julio de 2000, 2000 TSPR 121. En vista de tal propósito, hemos expresado que, "en su proyección adjudicativa inmediata, su razón es brindarle al tribunal sentenciador la oportunidad de enmendar o corregir cualquier error cometido; esto es, hacer cumplida justicia." *Ibid*; Dumont v. Inmobiliaria Estado Inc., 113 D.P.R. 406 (1982). Dicha moción se presenta para que el tribunal que dictó la sentencia la corrija mediante enmiendas formulando determinaciones de hecho, a base de la prueba presentada en el juicio, o conclusiones de derecho pertinentes al fallo. Rafael Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, ante, a la pág. 314.

Hemos advertido, además, que de la letra clara de la citada Regla 43.3, ante, se desprende y resulta obvio que el tribunal de instancia no está obligado a hacer determinaciones de hecho y de derecho adicionales luego de ser solicitadas por una o más partes; ello, de estimar que las mismas no proceden. Blás v. Hosp. Guadalupe, 146 D.P.R. 267, 319 (1998). Ciertamente, el juez tiene discreción para denegar tal moción, pues, en esencia, sólo procede para corregir errores manifiestos de hechos o de derecho. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, pág. 695.

Conforme lo anterior, en el citado caso de Blás v. Hosp. Guadalupe, ante, a la pág. 319, expresamos que la utilización de la palabra 'podrá' en el texto de la propia disposición reglamentaria, le imparte un carácter discrecional para que el juez evalúe si realmente procede hacer las determinaciones que le hayan sido solicitadas. Incluso podemos apreciar que la regla advierte claramente que el tribunal podrá enmendar las determinaciones iniciales, y podrá enmendar la sentencia de conformidad.

Por otra parte, reiteradamente hemos indicado que la oportuna presentación de una moción al amparo de la Regla 43.3, interrumpe los términos para presentar solicitud de reconsideración de la sentencia (Regla 47), de nuevo juicio (Regla 48), así como los términos prescritos para apelar o solicitar revisión del dictamen emitido por el tribunal de instancia (Regla 53.1). Orozco Carrasquillo v. Sánchez, res.

el 18 de mayo de 1999, 99 TSPR 76; <u>Figueroa Hernández v. Rosario</u>

<u>Cervoni</u>, res. el 23 de noviembre de 1998, 98 TSPR 158.[11]

En cuanto a la aplicación práctica de las citadas disposiciones reglamentarias, en ocasión de resolver <u>Andino v. Topeka, Inc.</u>, 142 D.P.R. 933 (1997), expresamos que, <u>en apariencia</u>, las Reglas 43.3 y 43.4 de Procedimiento Civil, no visualizan otro requisito interruptor que no sea presentar dicha moción dentro de los diez (10) días siguientes al archivo en autos de la notificación de la sentencia. Expresamos, <u>sin embargo</u>, que esa interpretación no armonizaba con el principio rector procesal que inspira la solución justa, rápida y económica de todo pleito. *Ibid* , a la pág. 937; Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1. Atendiendo tal preocupación, resolvimos que sólo una <u>oportuna y bien formulada</u> solicitud de determinaciones de hechos adicionales, es la que interrumpe los términos para interponer una apelación, entre otros recursos.

Afirmamos, además, que para que proceda una moción al amparo de la Regla 43.3, ante, ésta ha de exponer cuestiones sustanciales relacionadas con determinaciones de hechos o

---

[11] La propia Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.4, así lo ordena:

Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47,48 y 53, para todas las partes. <u>Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas</u>. (Énfasis suplido.)

conclusiones de derecho materiales. "La práctica forense exige que toda moción sobre determinaciones de hechos adicionales o de enmienda, constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y fundarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes." Andino v. Topeka, Inc., ante a las págs. 939-40; José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, pág. 695.

Así pues, interpuesta una moción al amparo de la susodicha regla que cumple con los requisitos antes esbozados --Andino v. Topeka, Inc., ante-- se interrumpe el término para acudir en revisión de la sentencia, y, según la citada Regla 43.4, comienza a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones sometidas. Rodríguez Díaz v. Zegarra, res. el 27 de marzo de 2000, 2000 TSPR 51.

## III

El asunto particular que hoy nos ocupa es uno sobre el cual este Tribunal no ha tenido la oportunidad de expresarse anteriormente. Si bien en múltiples ocasiones hemos analizado e interpretado la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3, nunca hemos evaluado la procedencia de una segunda moción solicitando determinaciones de hecho y conclusiones de derecho en las circunstancias en que aquí se nos plantea.

Sabido es que nuestra Regla 43.3, ante, proviene de la Regla 52(b) de las de Procedimiento Civil Federal, por lo que en más de una ocasión hemos utilizado la jurisprudencia norteamericana, por su fuerza persuasiva, en apoyo de nuestras decisiones. Es de notar que con relación al asunto específico que hoy nos toca resolver no hemos encontrado ningún pronunciamiento que nos ayude en torno al curso decisorio a seguir en el presente caso. Ello, naturalmente, no es óbice para disponer de la controversia ante nos.

Procedemos pues, a resolver y a interpretar nuestra Regla 43.3, ante, siguiendo el mandato dispuesto en el Artículo 7 de nuestro Código Civil[12] que nos impone la obligación de crear derecho en aquellos casos en que exista obscuridad o lagunas jurídicas. En virtud del tal Artículo hemos establecido que la función de la jurisprudencia es interpretar y aplicar la ley a casos concretos, llenar lagunas cuando las hay y, en lo posible, armonizar las disposiciones de ley que estén o que parezcan estar en conflicto. Collazo Cartagena v. Hernández Colón, 103 D.P.R. 870 (1975).

IV

Con tales pronunciamientos en mente, procedemos a evaluar el asunto ante nuestra consideración. Al así hacerlo,

_____

[12] El Artículo antes mencionado reza: "El tribunal que rehúse fallar a pretexto de silencio, obscuridad, o insuficiencia de la ley, o por cualquier otro motivo, incurrirá en responsabilidad. Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos." 31 L.P.R.A. sec. 7.

examinamos los <u>posibles escenarios</u> que existen respecto a esta situación.

Primero atenderemos las instancias en las que <u>no</u> procede la presentación de una segunda moción al amparo de la Regla 43.3, ante. Si evaluamos los contornos de la referida Regla, resulta claro que <u>no</u> procede una segunda solicitud de determinaciones de hecho, cuando la misma es instada debido a la insatisfacción de la parte promovente ante la negativa del tribunal de acoger las determinaciones propuestas en una primera solicitud a tales efectos. Es decir, una parte <u>no</u> puede, a través de una segunda moción, solicitar del tribunal que evalúe <u>las mismas</u> propuestas de determinaciones de hecho que presentó en la primera moción.

Del mismo modo entendemos, que si una sentencia original sufre modificaciones en las determinaciones de hecho, tras haberse considerado las solicitudes de hechos adicionales presentadas por las partes, no resultaría procedente una segunda solicitud del mismo tipo cuando las determinaciones propuestas sean unas que <u>ya fueron o pudieron haber sido presentadas en la primera solicitud. Tampoco procedería si las determinaciones adicionales que se solicitan no están claramente dirigidas o íntimamente relacionadas con las nuevas determinaciones de hechos a las que llegó el tribunal</u>.

Asimismo, somos del criterio de que si una sentencia original es enmendada al amparo de las solicitudes de hechos sometidas por ambas partes, <u>pero la enmienda no es una</u>

sustancial de modo que la sentencia original permanece en esencia inalterada, tampoco procedería una segunda solicitud de determinaciones de hechos ya que se trataría, en efecto, de la misma sentencia; y con relación a ésta, ya tuvieron la partes una oportunidad previa de utilizar el mecanismo contenido en la Regla 43.3.

Vemos pues, que la presentación de subsiguientes mociones solicitando determinaciones de hecho, en estas instancias, no procedería y menos aun tendría el efecto de interrumpir nuevamente el término para apelar. Permitirlo implicaría actuar de forma contraria a los principios, reiteradamente expresados por este Tribunal, relativos al interés de evitar la congestión en los calendarios y demoras innecesarias en el trámite judicial. Tampoco promovería el cumplimiento de los objetivos de las Reglas de Procedimiento Civil a los efectos de dilucidar rápida, económica y justicieramente toda causa. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, a la pág. 784; Reyes Díaz v. E.L.A., res. el 7 de diciembre de 2001, 2001 TSPR 168, Vega v. Alicea, 145 D.P.R. 236 (1998).

Por otro lado, veamos ahora dos instancias o situaciones en las que el fin de impartir justicia, la equidad y el propósito mismo de la Regla 43.3, nos inclina a favorecer la presentación de una segunda solicitud de determinaciones de hechos adicionales.

Uno de estos casos es cuando las determinaciones a las que llega un tribunal, luego de haber considerado las

solicitudes de determinaciones de hecho y derecho de las partes, tienen el efecto de modificar o enmendar la sentencia original a los fines de <u>alterar sustancialmente el resultado</u> del caso o bien producir un <u>cambio sustancial</u> en la misma. En tal escenario la parte afectada <u>debe</u> tener la oportunidad de presentar una segunda moción bajo la Regla 43.3. Esto, siempre y cuando la misma vaya dirigida <u>exclusivamente a los nuevos pronunciamientos y nuevas determinaciones de hechos y conclusiones de derecho de la sentencia enmendada, no contenidas en la sentencia original ni en la primera solicitud de determinaciones de hecho presentada por el que ahora promueve la segunda</u>.

Favorecemos la presentación de una subsiguiente solicitud de determinaciones adicionales en tal situación <u>por entender que esa sentencia enmendada constituye una nueva providencia judicial distinta y separada a la original</u>, contra la cual estarían disponibles los distintos remedios post-sentencia que prescribe nuestro ordenamiento, entre ellos el provisto por la Regla 43.3. En tal caso, y tratándose de una "nueva" sentencia, la interposición de la referida solicitud <u>sí</u> tendría el efecto de interrumpir el término para apelar aun cuando fuese presentada luego de los diez (10) días de archivada en autos notificación de la sentencia original. Claro está, tendría que presentarse en el término de <u>diez (10) días a partir del archivo en autos de copia de la notificación de la "nueva" sentencia</u>.

Otra instancia donde estimamos procedente la presentación de una segunda moción al amparo de la Regla 43.3, ante, sería cuando la primera solicitud de determinaciones de hechos presentada por una o ambas partes, aun sin tener el efecto de enmendar la sentencia, resulta en la incorporación de nuevas determinaciones de hechos o conclusiones de derecho no incluidas en la sentencia original, las cuales cambian sustancialmente los fundamentos o el razonamiento del tribunal. En tal escenario procede una segunda solicitud de este tipo por aquella parte a quien estas nuevas determinaciones del tribunal le hayan sido adversas.

Precisamos que esta segunda solicitud sólo procedería cuando las determinaciones de hecho y conclusiones de derecho propuestas por la parte afectada sean distintas a las presentadas en su primera solicitud. Además, éstas tendrían que ir dirigidas y estar intrínsecamente relacionadas a las nuevas determinaciones establecidas por el tribunal. De no cumplir con estos dos requisitos, no cabría la posibilidad de permitir una segunda solicitud para insistir en que el tribunal acoja idénticas determinaciones de hechos que en un principio no adoptó. Tampoco estaría disponible para volver a impugnar las determinaciones de hecho del tribunal contenidas en la sentencia original que fueron o muy bien pudieron ser objeto de impugnación al presentar la primera solicitud de determinaciones de hechos adicionales.

En estas dos instancias la interposición de una segunda moción sí tendría un efecto interruptor en el término para apelar ya que no podría sostenerse que el propósito de la misma sería meramente extender indefinidamente dicho término. En la primera instancia, según vimos, estaríamos ante una nueva providencia judicial, por lo que a partir de la misma empezarían a correr nuevos términos con relación a los remedios post-sentencia.

Con relación a la segunda instancia discutida, tampoco podría argüirse que el objetivo de la segunda solicitud sería expandir injustificadamente el término para apelar. Ello considerando que a pesar de no tratarse de un nuevo dictamen, al serle adversas las nuevas determinaciones del tribunal, y al no haber estado la parte originalmente expuesta a las mismas --las cuales son fundamentales-- sería injusto privarle del mecanismo que las reglas le ofrecen a toda parte de acudir al foro sentenciador para objetar y refutar las determinaciones de hechos establecidas por el mismo, antes de recurrir en apelación. Ante unas determinaciones de hechos y conclusiones de derecho nuevas, y fundamentales, que le son adversas y a las que se enfrenta por primera vez, la parte debe tener la oportunidad de refutarlas mediante otra solicitud en virtud de la Regla 43.3.

En tal caso no podría hablarse de una segunda oportunidad para impugnar las determinaciones de hechos del tribunal luego de haberlo intentado con una primera solicitud al amparo de la Regla 43.3, lo cual vimos estaría

vedado. Tratándose de nuevas determinaciones hechas por el tribunal, esa moción, si bien sería una segunda solicitud de determinaciones de hechos adicionales dentro del trámite judicial, realmente sería la primera y única en la cual la parte tendría la oportunidad de impugnarlas y de reaccionar ante ellas.

Si en estas dos instancias discutidas no se permitiera la presentación de una segunda solicitud al amparo de la Regla 43.3, ¿qué oportunidad tendrá la parte afectada de reaccionar ante las mismas? Podría pensarse en la apelación como posible respuesta. Sin embargo, tal razonamiento en estas instancias particulares tendría el efecto de contravenir con el propósito mismo de la Regla 43.3, que le provee a las partes un mecanismo previo a la iniciación del trámite apelativo. No se le ofrecería la oportunidad al juez de instancia de quedar satisfecho al haber atendido todas las controversias de forma propia y completa, ni se le permitiría a las partes y al foro apelativo estar completamente informados de la base de la decisión. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, pág. 695; Firpo v. Pan American World Airways, ante. Tampoco se cumpliría con la razón principal de la referida regla que consiste en brindarle al foro sentenciador la oportunidad de enmendar o corregir cualquier error cometido y así, hacer cumplida justicia. Andino v. Topeka, ante; Dumont v. Inmobiliaria Estado Inc., ante.

Recapitulando, establecemos que los contornos de la Regla 43.3 claramente prohíben la interposición de subsiguientes mociones solicitando determinaciones de hechos y conclusiones de derecho adicionales, cuando el propósito es tener una segunda oportunidad para tratar de lograr lo que en una primera moción del mismo tipo no se pudo. Esto es, que el tribunal acogiera, modificara o añadiera las mismas determinaciones de hechos presentadas en la solicitud original. Así también, prohíbe mociones subsiguientes cuando en virtud de unas solicitudes de determinaciones de hechos y conclusiones de derecho presentadas por ambas partes, el tribunal realiza enmiendas a su dictamen original pero el mismo permanece esencialmente inalterado, entendiéndose entonces, que se trata de la misma sentencia. En estos casos, la interposición de mociones sucesivas en virtud de la Regla 43.3, luego de transcurridos los 10 días jurisdiccionales para interponer dicha solicitud, no tendrán el efecto de interrumpir el término para apelar.

Por otro lado, si una sentencia es enmendada sustancialmente, o aun sin ser enmendada, el tribunal llega a unas determinaciones de hecho y conclusiones de derecho nuevas y distintas, tras haber considerado solicitudes previas instadas al amparo de la Regla 43.3, la parte que resulte adversamente afectada tendrá derecho a presentar una subsiguiente moción solicitando determinaciones de hecho adicionales. Claro está, sólo procederá si en la nueva solicitud incluye determinaciones de hechos y conclusiones

de derecho distintas a las presentadas en la primera solicitud y si las mismas están estrechamente relacionadas con las nuevas determinaciones establecidas por el tribunal. En estos casos la interposición de la segunda moción sí tendrá el efecto de interrumpir el término para apelar.

Razonamiento similar al antes expuesto ha sido utilizado en la jurisdicción norteamericana en relación con la moción de reconsideración, que, como es sabido, constituye otro de los mecanismos post-sentencia que provee el ordenamiento jurídico. Se ha determinado que una segunda moción de reconsideración no interrumpe el término para apelar cuando la misma "[is] based upon substantially the same grounds as urged in the earlier motion". Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 896, 870 (5to Cir. 1989) citando a Ellis v. Richardson, 471 F.2d 720, 721 (5to Cir. 1973); Acevedo-Villalobos v. Hernández, 22 F.3d 384, 390 (1er Cir. 1994); véase además, Aybar v. Crispin-Reyes, 118 F.3d 10 (1er Cir. 1997). Ahora bien, sí se ha señalado que "in order for a second reconsideration motion again to toll appeal period, the trial court's disposition of the first motion 'must result[] in a judgment which is substantively altered.'" (Énfasis nuestro.) Aybar v. Crispin-Reyes, ante nota 4 a la pág. 15 citando a 9 Moore's Federal Practice, sec. 204.12(1).

Estimamos razonable trasladar esta línea de pensamiento a la interpretación de nuestra Regla 43.3.

V.

En el presente caso la peticionaria COLSA, si bien acepta que sería improcedente que se le permitiera radicar subsiguientes solicitudes de determinaciones adicionales contra una misma sentencia, aduce como justificación a la procedencia de su "segunda" moción, que en el presente caso hubo una sentencia enmendada, la cual es una separada y distinta de la original. Arguye que tratándose de una providencia judicial nueva, contra la cual comienzan a transcurrir nuevamente todos los términos aplicables a los remedios posteriores a la sentencia disponibles en nuestro ordenamiento procesal civil, su segunda solicitud resultaba procedente.

A esos efectos, argumenta que el tribunal, al enmendar la sentencia original, realizó nuevas determinaciones con fundamentos legales adicionales por lo que la enmienda a la sentencia, permite y hace procedente que se presente una nueva moción de determinaciones de hechos y conclusiones de derecho adicionales contra esa "nueva" sentencia.

Si bien coincidimos con la peticionaria en su tesis de que, contra una nueva sentencia procedería una segunda moción al amparo de la Regla 43.3, <u>entendemos que no le asiste la razón al sostener que su caso gira en torno a una sentencia enmendada, separada y distinta a la original</u>.

De una evaluación del expediente claramente surge que las dos mociones solicitando determinaciones de hecho y conclusiones de derecho adicionales radicadas por COLSA son <u>IDÉNTICAS</u> en contenido. Según reseñáramos en la exposición de

los hechos,[13] precisa destacar que COLSA, en la primera moción, solicitó al Tribunal de Primera Instancia que realizara las siguientes conclusiones de derecho adicionales, a saber:

> 3(a) Que COLSA, Inc. tiene derecho a rembolsar a los querellantes aquellas deducciones a su salario efectuadas en violación de 29 CFR 541.118(a) con el propósito de preservar su condición de empleados exentos.
> (b) Que por razón de su condición de profesionales exentos los querellantes no tienen derecho al pago de horas extras.
> (c) Que ante las claras inconsistencias entre testimonio previo bajo juramento y el testimonio brindado bajo juramento en este caso, la querellante Isis Soraya Laham Bauzó incurrió en perjurio.

Solicitó, además, un total de siete (7) determinaciones de hechos adicionales. Por su parte, en la segunda moción, solicitó al tribunal que emitiese las mismas siete (7) determinaciones de hecho adicionales que había presentado contra la sentencia original. En cuanto a las conclusiones de derecho, las transcribió idénticas a como aparecen en la primera solicitud, excepto que añadió una conclusión de derecho adicional, a saber:

> 3(c) Que lo resuelto en los casos de Auer, et. al v. Robbins, 519 US 452 (1997); US Supreme Court, 3WH Cases 2d 1249, February 19, 1997, Digiore v. Ryan, 172 F.3d 454 (7th Cir. 1999) y Kelly v. City of Mount Vernon, 162 F.3d 765 (2nd Cir. 1998), sostienen las conclusiones de derecho (a) y (b) anteriores.

La peticionaria admite que las determinaciones de hechos solicitadas en la segunda moción son idénticas a las que originalmente solicitó a raíz de la sentencia original. Ello no obstante, argumenta que era menester que ello fuera así, puesto que el foro primario no acogió ninguna de dichas

---

[13] Véase notas al calce núm. 4 y 9, ante.

determinaciones de hecho en su sentencia enmendada y que, de haberlas acogido, hubiese sido innecesario solicitarlas por segunda vez. Según mencionáramos, para justificar tal curso de acción, aduce que la sentencia enmendada es una providencia judicial totalmente nueva, que creó ciertas expectativas procesales como para poder presentar nuevamente remedios contra la misma.

Luego de evaluar el contenido de la sentencia original nos percatamos de que <u>se trata de un dictamen, en su mayoría, idéntico en contenido al de la sentencia enmendada y notificada en ocasión de resolver las mociones presentadas por las partes al amparo de la Regla 43.3</u>. Ciertamente, se añadieron ciertas determinaciones adicionales y se enmendó la parte dispositiva para incluir el aspecto del pago de una suma igual al doble. No obstante lo anterior, ello no nos mueve a concluir que estamos ante una sentencia nueva o sustancialmente distinta. La sentencia enmendada es enteramente igual a la original, consta de igual número de páginas que la original; sesenta y ocho (68) páginas, de idéntico contenido, salvo por la frase enmendatoria de la parte dispositiva antes mencionada. Al evaluar ambos escritos y la resolución acogiendo las determinaciones y conclusiones que entendió prudente añadir, notamos que el tribunal a quo lo que hizo fue complementar su dictamen original. Amplió lo discutido y reseñado en la sentencia original y sustentó lo determinado previamente según le fue solicitado por las partes.

La sentencia en este caso <u>no ha sufrido una modificación sustancial</u> a los efectos de entenderse que se trata de una nueva providencia judicial en cuyo caso, conforme lo expresado anteriormente, sí procedería una segunda moción en virtud de la Regla 43.3. Más bien estamos ante una sentencia enmendada casi idéntica a la anterior, contra la cual <u>no es procedente presentar una segunda solicitud de determinaciones de hechos</u>. La similitud entre las dos solicitudes instadas por la peticionaria en virtud de la Regla 43.3, evidencian la intención de ésta de aprovecharse de una segunda oportunidad para conseguir que el tribunal adoptara las mismas determinaciones que no acogió en la primera solicitud presentada.

De todo lo anterior se desprende que la querellada lo que pretendió fue utilizar los mecanismos y remedios procesales posteriores a la sentencia como un sustituto del recurso de revisión, y como subterfugio para dilatar los procedimientos ante el foro de instancia. El curso de acción llevado a cabo por COLSA demuestra una práctica abusiva de los procedimientos, puesto que pretendió interrumpir el término para apelar con la mera presentación de una solicitud, previamente radicada, <u>alegando que el tribunal había emitido una nueva sentencia cuando la sentencia era esencialmente la misma</u>. No podemos permitir que ello suceda y cegarnos ante la realidad de que la querellada pretendió, extender el plazo para apelar injustificadamente.

Ciertamente, la flexibilidad en la interpretación de las normas procesales cobra especial relevancia cuando se trata de una determinación de jurisdicción, pues son éstas las que abren o cierran las puertas de entrada a los tribunales apelativos. Empress Hotel v. Acosta, res. el 8 de febrero de 2000, 2000 TSPR 18. Ahora bien, ello no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre. Municipio Arecibo v. Almacenes Yakima, res. el 6 de junio de 2001; 2001 TSPR 79.

Desde la aprobación de nuestro ordenamiento procesal, todas las partes han litigado sus controversias con la seguridad de que hay unos términos claros y precisos para recurrir en alzada de una decisión que les afecte. Permitir que una parte insatisfecha con ciertas enmiendas realizadas a una sentencia que le fue adversa, pueda seguir presentando segundas, terceras o subsiguientes mociones al amparo de la Regla 43.3, alegando erróneamente que se trata de una sentencia enmendada constitutiva de una nueva providencia judicial, todo esto con el fin de interrumpir el plazo para recurrir al tribunal apelativo, sería elaborar una ficción jurídica insostenible mediante una interpretación incorrecta de las Reglas 43.3, 43.4 y 53.1 de Procedimiento Civil.

No podemos finalizar sin antes reiterar que un recurso tardío sencillamente adolece del grave e insubsanable efecto de privar de jurisdicción al tribunal al cual se recurre. Juliá Padró v. Vidal, ante; Hernández v. Marxuach Construction Co.,

142 D.P.R. 492 (1997). Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues ya en el momento de su presentación no hay autoridad judicial para acogerlo. *Ibid.* Sobre el concepto medular de jurisdicción se sostiene toda la vitalidad y autoridad de los tribunales en nuestro sistema de gobierno. Empress Hotel v. Acosta, ante. Cuando un tribunal dicta una sentencia sin tener jurisdicción sobre las partes o la materia su decreto es uno jurídicamente inexistente. El que un tribunal acoja un recurso a sabiendas de que carece de autoridad para entender en el mismo es una actuación ilegítima. *Ibid*. Así, la falta de jurisdicción de un tribunal para entender en un recurso es un defecto procesal insubsanable.

En el caso de autos, el tribunal de instancia dictó sentencia el día 7 de octubre de 1999, notificada a las partes y archivada en autos el día 8 del mismo mes y año. Por lo que la oportuna presentación de la primera solicitud de determinaciones de hechos adicionales, la cual cumplía, además, con los parámetros establecidos en Andino v. Topeka, ante, interrumpió el término jurisdiccional para recurrir en alzada hasta tanto el tribunal a quo archivó en autos copia de la notificación de la resolución adjudicándola y de la sentencia enmendada a tales efectos; esto es, el 23 de diciembre de 1999. A partir de esta última fecha, fue que comenzó a transcurrir nuevamente el plazo para apelar. Dicho término venció pues, el 23 de enero 2000, por

lo que la radicación por la querellada, el 22 de febrero de 2000, de su recurso ante el foro apelativo fue tardía.

VI.

Por los fundamentos antes expuestos, procede confirmar la sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


José A. Carattini, et als.,

    Recurridos

          vs.                          CC-2001-673      CERTIORARI

Collazo Systems Analysis, Inc.,
A/K/A COLSA, Inc.; Compañía de
Seguros A,B,C y Simon Pristoop

    Peticionarios


SENTENCIA

San Juan, Puerto Rico, a 3 enero de 2003


    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones.

    Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. La Jueza Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.



                    Carmen E. Cruz Rivera
              Subsecretaria del Tribunal Supremo