Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| SUANNIE IVELISSE TRINIDAD FALERO, ÁNGEL LUIS TRINIDAD FALERO<br><br>Demandante-Recurridos<br><br>v.<br><br>MARIO PERALTA, FRANCISCA ÁLVAREZ CRUZ<br><br>Demandada-Peticionarios | KLCE202400446 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: CA2021CV00428 (409)<br><br>Sobre: Nulidad de Contrato |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de abril de 2024.

Según se explica en detalle a continuación, procede la desestimación del presente recurso por falta de jurisdicción, ya que fue presentado aproximadamente un mes luego de expirado el término de cumplimiento estricto aplicable, sin que se intentara acreditar justa causa para la referida dilación.

I.

En agosto de 2021, el Tribunal de Primera Instancia ("TPI") dictó una sentencia en el caso de referencia (la "Sentencia"). Ordenó a uno de los demandados, el Sr. Mario Peralta (el "Demandado"), a desocupar "la propiedad inmueble localizada en Comunidad Monteverde, Parcela 25, Bo. San Isidro, Canóvanas, Puerto Rico" (la "Propiedad"). Además, condenó al Demandado, y a la también demandada, Sa. Francisca Álvarez Cruz (la "Demandada"), a pagar $25,000.00 por daños a los demandantes, más $5,000.00 "en concepto de honorarios de abogado".

En abril de 2022, a través de representación legal, el Demandado solicitó el relevo de la Sentencia (la "Primera Moción de Relevo"); adujo que se había descubierto "evidencia esencial ... que justifica[] la concesión de un remedio". En junio de 2022, el TPI denegó la Primera Moción de Relevo.

En agosto de 2022, a través de otra representación legal, la Demandada solicitó el relevo de la Sentencia (la "Segunda Moción de Relevo"). Se arguyó que la Sentencia resultó en un "terrible fracaso de la justicia", en atención a "nueva evidencia". En octubre de 2022, el TPI denegó la Segunda Moción de Relevo.

En septiembre de 2023, la Oficina del Procurador de las Personas de Edad Avanzada (la "Oficina") presentó una moción de relevo de la Sentencia (la "Tercera Moción de Relevo"). Aseveró que, por ley, "está facultada para actuar ... en representación de personas de edad avanzada ... para la defensa de sus derechos", incluido presentar "ante los tribunales ... las acciones que estime pertinentes".

Mediante una Resolución notificada el 11 de enero (la "Resolución"), el TPI denegó la Tercera Moción de Relevo.

El 25 de enero, la Oficina solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el **15 de febrero**.

Inconforme, el **15 de abril**, la Oficina presentó el recurso que nos ocupa (mal denominado "Apelación Civil"[1]), mediante el cual solicita revisemos la Resolución. En esencia, plantea que la Propiedad no fue descrita correctamente en la Demanda, ni en la Sentencia, pues allí se hizo referencia a la Parcela 25, cuando en realidad el inmueble objeto de controversia es la Parcela 251.

---

[1] Mediante una Resolución de 18 de abril de 2024, se acogió el recurso como una petición de *certiorari*, que es el recurso que se puede utilizar para solicitar la revisión de una resolución post-sentencia en un caso civil.

También, arguye que en el caso no se ventiló "prueba de daños ... que apoyara ... la cuantía" determinada por el TPI en la Sentencia. Disponemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 32(D) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 32(D), establece que el término para presentar el recurso de *certiorari* será "dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida". Dicho término es de cumplimiento estricto, por lo cual puede ser prorrogado por justa causa debidamente sustentada en la petición de *certiorari*. Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); *Córdova v. Larín*, 151 DPR 192, 194-5 (2000). La justa causa tiene que ser acreditada con explicaciones concretas y particulares que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-3 (2013).

Por su parte, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 83, permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción. La referida regla también nos faculta a desestimar cuando el recurso

se presentó fuera del término de cumplimiento estricto y no se acreditó la justa causa para la demora. *Íd.*

III.

El término para revisar la Resolución expiró a mediados de marzo, aproximadamente un mes antes de que se presentara el recurso de referencia. La Resolución fue notificada el 15 de febrero de 2024, por lo cual el término de 30 días para revisarla venció el 18 de marzo de 2024 (lunes). Es decir, el término de cumplimiento estricto disponible para presentar el recurso que nos ocupa expiró casi un mes antes de la fecha en que se presentó (15 de abril de 2024).

La Oficina no intentó explicar por qué presentó el recurso aproximadamente un mes luego de expirado el término aplicable. Aparentemente, la Oficina consideró que la Resolución era apelable y que tenía 60 días para instar dicho recurso. No obstante, la realidad es que, por no tratarse de una <u>sentencia</u>, sino de un dictamen post-sentencia, en el cual se deniega una tercera moción de relevo de una sentencia dictada más de dos años antes, la Resolución no es apelable. Regla 13(A) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B R. 13(A). Además, en este caso, tampoco podría aplicar en ningún caso el término de 60 días, pues las únicas partes en el mismo son personas privadas. *Íd.*

No podemos olvidar que la justa causa tiene que ser acreditada con explicaciones concretas y particulares; es decir, no puede concluirse que hubo justa causa sobre la base de generalidades, mucho menos cuando ni siquiera hubo un intento de acreditarla. *Febles, supra; Soto Pino, supra.*

Al haber vencido el término que tenían los peticionarios para presentar su recurso, y como estos ni siquiera intentaron acreditar la existencia de justa causa para la demora sustancial en presentar

el recurso de referencia, no tenemos jurisdicción para revisar la decisión recurrida.

IV.

Por los fundamentos antes expuestos, desestimamos la petición de *certiorari* de referencia.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones