Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>EBED CADMIEL VILLARONGA<br><br>Peticionario | TA2025CE00116 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: DVI2012G0087<br><br>Sobre: Art. 106 del Código Penal/Grados de Asesinato |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de julio de 2025.

Comparece ante este tribunal apelativo, el Sr. Ebed Cadmiel Villaronga (señor Cadmiel Villaronga o el peticionario), por derecho propio y en forma *pauperis*[1], mediante el recurso de *certiorari* de epígrafe, y nos solicita que revoquemos la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 5 de mayo de 2025, notificada el 12 de mayo siguiente. En dicho dictamen, el foro primario declaró *No Ha Lugar* a la *Moción al amparo de la Regla 192.1 de Procedimiento Criminal* instada por el peticionario, más dictó que resulta inaplicable la unanimidad del veredicto del jurado.

Por las razones que expondremos a continuación, desestimamos el auto de *certiorari* por falta de jurisdicción ante su presentación tardía.

---

[1] El peticionario acompañó el recurso con la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* la cual declaramos *Ha Lugar*.

**I.**

El 26 de marzo de 2025, el señor Cadmiel Villaronga presentó ante el TPI un escrito intitulado *Moción al amparo de la Regla 192.1 de Procedimiento Criminal.* Arguyó que, la *Sentencia* dictada el 26 de febrero de 2013, en la que un jurado por votación mayoritaria de 9 a 3 le encontró culpable por los delitos imputados, está sujeta a ataque colateral por ser contraria a lo establecido en los casos *Ramos v. Louisiana,* 590 US 83 (2020) y *Pueblo v. Casellas Toro,* 197 DPR 1003 (2017). En esencia, argumentó que su veredicto de culpabilidad debió ser por unanimidad y que, al no haber sido así, tenía derecho a solicitar una vista evidenciaria para rebatir la mencionada determinación.

El 5 de mayo de 2025, el TPI emitió la *Orden* recurrida mediante la cual declaró *No Ha Lugar* a la *Moción al amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el peticionario. El foro primario razonó que, en "el caso de epígrafe, no le aplica la Regla 192.1 de Procedimiento Criminal ni la unanimidad en el veredicto del jurado".[2] Dicha determinación se notificó el **12 de mayo de 2025**.

Inconforme con dicho dictamen, el peticionario acude ante este foro apelativo imputándole al foro primario haber errado al establecer que no le era aplicable la referida regla ni la unanimidad en el veredicto del jurado. **Cabe destacar que este suscribió su escrito en la institución carcelaria el 12 de junio de 2025.** Enfatizamos que en la página final del documento está el ponche de la institución penal acreditando haberlo recibido, a nuestro criterio en dicha fecha, ya que no tiene anotada esta u otra posterior.

---

[2] Véase, el Apéndice del Recurso de *Certiorari,* Notificación de Sentencia.

Analizado el recurso y a tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida, según nos faculta la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

En lo pertinente al caso de autos, la Regla 32(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 49, 215 DPR __ (2025), establece el término de **cumplimiento estricto de treinta (30) días** para presentar el recurso de *certiorari* solicitando la revisión de resoluciones u órdenes interlocutorias emitidas por el TPI.

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra*, que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
>
> (...)
>
> (C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.**
> (Énfasis nuestro)

### III.

Analizado el recurso ante nuestra consideración, en principio, nos corresponde auscultar si tenemos jurisdicción para atenderlo debido a que, por ser materia privilegiada, debemos atenderla con preferencia sobre cualquier otra cuestión planteada. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra; *Morán v. Martí,* supra; *Vega et al. v. Telefónica,* supra; *Carattini v. Collazo Syst. Analysis, Inc.*, supra.

Asimismo, y como hemos expuesto en el derecho precedente, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* supra. Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

Del trámite procesal del expediente, surge que la *Orden* recurrida, se **notificó y se archivó en autos el 12 de mayo de 2025**. De manera que, el peticionario, disponía de treinta (30) días para la presentación del recurso de *certiorari*. **Por lo que, este tenía hasta el 11 de junio de 2025 para presentar el recurso de epígrafe. No obstante, este acudió ante esta Curia el 12 de junio, en exceso del término de estricto cumplimiento que se tenía para ello.** En este punto, resulta menester reiterar que en la página final del documento está el ponche de la institución penal acreditando haberlo recibido, a nuestro criterio en dicha fecha, ya que no tiene anotada esta u otra diferente. Al respecto, destacamos que, en el caso de personas confinadas, se entenderá que sus recursos fueron presentados en la fecha de entrega en la institución carcelaria. *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009)[3].

Precisamos, además, que en su recurso, el señor Cadmiel Villaronga no alega justa causa para la dilación en la presentación oportuna ante este foro intermedio.

Como es sabido, los términos de cumplimiento estricto, distinto a los términos jurisdiccionales, se pueden prorrogar, pero la parte debe exponer ante los tribunales la justa causa por la cual no puede cumplir dentro del término reglamentario. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). En otras palabras, los tribunales carecen de discreción para extender automáticamente los términos de cumplimiento estricto. *Íd.* La parte que actúa tardíamente debe acreditar las circunstancias específicas que demuestran la justa causa y permiten la extensión del término. *Íd.* Para ello, el Tribunal Supremo ha expresado que no basta con

---

[3] Hacemos notar que la Regla 30.1 del Reglamento del Tribunal de Apelaciones se recoge esta normativa, pero aplicada a las apelaciones de los confinados. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 48, 215 DPR __ (2025)

expresiones generales, sino que deben ser explicaciones concretas. *Íd.*; *Berríos Román v. E.L.A.*, 171 DPR 549, 562 (2007).

De hecho, en *Soto Pino v. Uno Radio Group, supra,* nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto." (Énfasis en el original y nuestro). *Íd.*, a la pág. 97. Véase, además, *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

Por su parte, es importante apuntalar que es norma claramente establecida que las partes, incluso los que comparecen por derecho propio, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos, y su inobservancia puede dar lugar a la desestimación. *Febles v. Romar*, 159 DPR 714, 722 (2003); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003).

En fin, al haberse presentado el recurso tardíamente, sin haberse acreditado justa causa para la tardanza, solo nos corresponde declararnos sin jurisdicción y desestimarlo. Recalcamos que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede asumir la jurisdicción que no ostenta.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso de *certiorari* por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones