Opinión disidente emitida por el
Juez Asociado Señor Re-bollo López.
Disentimos de la Resolución emitida hoy por una mayo-ría de los integrantes del Tribunal, ya que la acción tomada fundamentalmente se limita a la expedición del recurso de epígrafe, acción que —analizada a la luz de la totalidad de las circunstancias del caso— constituye un ejercicio en fu-tilidad de este Tribunal.
Ya es hora de que el máximo foro judicial del País deje de “arrastrar los pies” en el presente caso y tome la acción correcta y necesaria para resolver o propiciar su pronta solución; asunto que le ha hecho, y le continúa haciendo, un grave daño económico al País en general y a unos ciu-dadanos en particular.
Debe quedar claro, sin embargo, que no estamos ava-lando, en estos momentos, posición alguna. Meramente sostenemos que el Tribunal no puede seguir fomentando la incertidumbre en esta situación. Los casos, después de todo, no pueden tener vida eterna en los tribunales. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003); Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. 217 (2001).
I
Realmente, no se puede enfatizar lo suficiente el hecho de que San Gerónimo Caribe Project, Inc. trata de dos con-troversias o litigios distintos, pero estrechamente vincula-dos entre sí.
En primer término, existe una controversia sobre la ti-tularidad o el dominio de los terrenos sobre los cuales se *246 edificó el proyecto, asunto sobre el que recientemente la Sala de San Juan del Tribunal de Primera Instancia emitió una sentencia (caso Civil Núm. K2AC-2007-577). En dicha sentencia el foro de instancia resolvió, en apretada sínte-sis, que dichos terrenos no eran de dominio público. El Es-tado, que tiene el término de sesenta días para apelar dicha decisión ante el Tribunal de Apelaciones, nos ha informado en una reciente comparecencia que, efectiva-mente, se propone apelar la referida sentencia.
En segundo lugar, existe otra controversia —indepen-diente de la primera— sobre si los permisos que otorgó la Administración de Reglamentos y Permisos (ARPe) a Pa-seo Caribe fueron otorgados correctamente o medió “error” en dicha otorgación. ARPe, basándose en una “opinión” emitida el 11 de diciembre de 2007 por el actual Secretario de Justicia, a los efectos de que, cuando menos, parte de los terrenos sobre los cuales se edificó Paseo Caribe son de dominio público, determinó —nuevamente, en apretada síntesis— que la referida “opinión” del Secretario era “vin-culante u obligatoria” y que procedía decretar la paraliza-ción de la construcción del proyecto por un término de se-senta días en lo que determinaba si hubo error en la otorgación de los permisos.
Paseo Caribe, prontamente, acudió ante el Tribunal de Apelaciones para revisar ese decreto. El foro apelativo in-termedio dictó sentencia. Resolvió que, aun cuando era co-rrecta la determinación de ARPe a los efectos de que era vinculante la “opinión” del Secretario de Justicia, procedía devolver el asunto a dicha agencia para la celebración de una vista evidenciaría en la cual las partes debían presen-tar prueba sobre la validez de los permisos.
Inconforme, Paseo Caribe acudió ante este Tribunal y le imputó a ARPe haber incidido al determinar que la opinión del Secretario de Justicia era vinculante y, en consecuen-cia, ordenar la paralización de la obra.
*247 II
A nuestro juicio, la controversia principal o fundamental es la que versa sobre la titularidad o dominio de los terrenos en controversia. Dependiendo de lo que se determine, procede entonces evaluar la validez de los permisos. Si este Tribunal resuelve que los terrenos son de dominio público, ARPe tendría una determinación definitiva de que medió error en la otorgación de los permisos y podrá actuar conforme a ello. Por otro lado, si este Tribunal resuelve que los terrenos en controversia no son de dominio público, el asunto ante ARPe se limitaría a que se demuestre, en una vista evidenciaría, si medió fraude o error en el proceso de otorgación de los permisos.
¿De qué vale expedir el presente recurso sin tener ante nuestra consideración, coetáneamente, la primera contro-versia? ¿Para resolver qué? No existe duda de que la deter-minación del Tribunal de Apelaciones de devolver el caso a ARPe para la celebración de una vista evidenciaría es correcta. A Paseo Caribe no se le puede privar de su pro-piedad sin un debido proceso de ley. Por lo tanto, tiene que celebrarse una vista evidenciaría antes de proceder tan si-quiera a considerar la paralización del proyecto. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1, y Art. 3.1 de la Ley de Procedimiento Administrativo Uniforme del Estado Li-bre Asociado de Puerto Rico, 3 L.P.R.A. see. 2151. Véanse, además: López Vives v. Policía de P.R., 118 D.P.R. 219 (1987); Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881 (1993).
Entonces, ¿qué queda por resolver en el presente recurso ? ¿Acaso se ha expedido este recurso meramente para resolver que la “opinión” del Secretario de Justicia no es vincu-lante? Parafraseando a Don Quijote de la Mancha, “cosas raras veredes”.
*248 Es por ello que no alcanzamos a comprender por qué la Mayoría se ha negado, una y otra vez(1) a certificar el caso Civil Núm. K2AC-2007-2577 y a resolver de forma final y definitiva si la decisión del tribunal de instancia —de que los terrenos no son de dominio público— es correcta en derecho.
Ciertamente esto es lo procedente y lo conveniente desde un punto de vista procesal y pragmático, más aún cuando la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 nos faculta a considerar y resolver motu proprio cualquier asunto pendiente ante el Tribunal de Primera Instancia mediante auto de certificación(2)
Hacer caso omiso de esta facultad promueve la dilación excesiva de la presente controversia. Si no resolvemos ahora, ¿cuánto tiempo transcurrirá antes de que el caso se presente ante nuestra consideración? Mientras tanto, los daños a las partes siguen en constante aumento. Esto es insostenible. ¿Quién pagará los daños y perjuicios que se han producido y que continúan produciéndose? La contes-tación es aterradora. Ciertamente, no serán los funciona-rios públicos que han participado en este asunto, sino el pueblo de Puerto Rico.
Es por todo lo anteriormente expresado que disentimos.

 San Gerónimo Caribe Project, Inc. ha solicitado la certificación del caso en dos ocasiones anteriores. En ambas instancias hemos disentido de la posición mayo-ritaria de no certificarlo.

 El Art. 3.002(e) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 24s(e)), dispone:
“(e) Mediante auto de certificación, a ser expedido discrecionalmente, motu pro-prio, o a solicitud de parte, podrá traer inmediatamente ante sí para considerar y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitu-cional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos.”