Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NLJ HOLDINGS, LLC; DPH I, LLC; DPH III, LLC<br><br>Parte Apelante<br><br>v.<br><br>GOLDEN RE, LLC; GOLDEN DEPT, LLC; EFRON DORADO, SE; DCE ENTERPRISES, INC.; BANDCO ABC; ASEGURADORA ABC; FIADORA XYZ; FULANO DE TAL Y JOHN DOE<br><br>Parte Apelada | KLAN202400391 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2019CV04129 (503)<br><br>Sobre: Incumplimiento de Contrato de Opción de Compraventa; Solicitud de Cumplimiento Específico, Daños y Perjuicios por Dolo |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece NLH Holdings, LLC; DPH I, LLC; y DPH III, LLC (en conjunto, NLJ) mediante escrito de apelación instado el 18 de abril de 2024. Solicitan que revoquemos la *Sentencia* emitida y notificada el 19 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen, el TPI desestimó sin perjuicio, la demanda de NLJ, al amparo de la Regla 39.2(b) de Procedimiento Civil, *infra,* por inactividad procesal en exceso de los seis (6) meses que dispone la regla.

El 20 de mayo de 2024, los coapelados, Golden RE, LLC y Golden Debt, LLC (en conjunto, Golden), presentaron su alegato en oposición.

Evaluados los escritos de las partes y los documentos que obran en autos, y por los fundamentos que exponemos a continuación, revocamos la sentencia apelada.

**I.**

El 19 de julio de 2019, NLJ presentó la demanda de epígrafe para, entre otros asuntos, solicitar el cumplimiento específico de cierto *Agreement to Enter Into Option*. El 15 y 26 de septiembre de 2019, las partes demandas apeladas presentaron sus respectivas contestaciones a la demanda.

Posteriormente, las partes presentaron sendas mociones dispositivas. El 14 de diciembre de 2021, notificada el 15 de diciembre de 2021, el TPI dictó una *Sentencia Parcial,* mediante la cual, entre otros asuntos, denegó ambas mociones de sentencia sumaria por entender que existía controversia sobre los hechos que enumeró en el dictamen.

Inconforme con la *Sentencia Parcial,* NLJ presentó un escrito de apelación ante este Tribunal de Apelaciones. El 27 de septiembre de 2022, notificada al día siguiente, este Tribunal emitió *Sentencia* en el caso KLAN202200424, mediante la cual acogió el recurso como un *certiorari,* expidió el auto y modificó el dictamen recurrido, a los fines de reformular la controversia pendiente de adjudicación. En específico, determinó "que la controversia medular del caso gira en torno a la intención de las partes al momento de la contratación".[1] Por tanto, concluyó que:

> … [E]s menester determinar si, al momento de suscribir el *Agreement,* la intención de las partes era que, exclusivamente, fuera el señor Del Valle, en su aspecto personal y no a través de su corporación, quien ejecutara la compra del Lote 2 dentro del término dispuesto en el acuerdo.
>
> Una vez se resuel[v]a la referida controversia de umbral, entonces el foro primario deberá resolver las demás controversias antes enumeradas (1, 2, 4, 5), toda vez que, tal y como resolvió el foro *a quo* en la determinación recurrida, la venta del Lote 12 se realizó fuera del término suscrito en el *Agreement,* por lo que habría que auscultar las razones detrás de dicho incumplimiento.

---

[1] Apéndice del recurso, pág. 177.

El 10 de febrero de 2023, el Tribunal Supremo de Puerto Rico denegó la expedición del auto de *certiorari*, y el 21 de abril de 2023, denegó la moción de reconsideración, en el caso núm. CC-2022-0813. El correspondiente mandato fue emitido el 27 de abril de 2023, y remitido al TPI el 18 de mayo de 2023.[2]

Así las cosas, el 7 de marzo de 2024, el TPI dictó y notificó la *orden* que se transcribe a continuación:

> Al amparo de la Regla 39.2 (b) de Procedimiento Civil, se le ordena a las partes que expongan las razones por las cuales el tribunal no debería archivar y desestimar el caso que nos ocupa. Tengan 10 días perentorios. Deberá fundamentar y acreditar todas las gestiones realizadas (por fecha) a los fines de adelantar el trámite procesal del caso de autos.
>
> NOTIFÍQUESE A LAS PARTES Y A SUS REPRESENTANTES LEGALES.[3]

Conforme surge del Formulario Único de Notificación, la orden se notificó a los abogados y directamente a las partes, conforme ordenado.[4]

El 18 de marzo de 2024, NLJ presentó su *Moción en Cumplimiento de Orden.* Expuso que, a tenor con la Regla 35 (A) del Reglamento del Tribunal de Apelaciones, la expedición del auto de *certiorari* por parte de este Foro suspendía los procedimientos en el TPI hasta el recibo del correspondiente mandato. Relató que el trámite apelativo culminó en mayo de 2023, con la emisión y notificación de un mandato para la celebración de una vista en los méritos para dilucidar la controversia identificada por el Tribunal de Apelaciones y que, desde entonces, se encontraba en espera de que el TPI calendarizara el señalamiento o algún otro trámite de rigor previo a la vista evidenciaria que el tribunal estimara procedente. Por lo anterior, afirmó que el expediente del caso no revelaba

---

[2] *Íd.*, págs. 181-184.
[3] *Íd.,* pág. 185.
[4] *Íd.*

abandono o inactividad en el trámite del caso que justificara decretar la drástica sanción de la desestimación.

El 19 de marzo de 2024, el TPI dictó y notificó la *Sentencia* apelada, mediante la cual expresó que la moción presentada por NLJ no justificaba la inactividad del caso y desestimó la demanda al amparo de la Regla 39.2(b) de Procedimiento Civil, *infra,* por inactividad procesal.

Inconforme, el 18 de abril de 2024, NLJ presentó el recurso que nos ocupa y apuntó el siguiente señalamiento de error:

> Erró el TPI al desestimar y archivar por inactividad la causa de acción.

En síntesis, arguye que el trámite procesal revela que realizó actos afirmativos mediante los cuales demostró su interés en continuar con su causa de acción.

Por su parte, Golden arguye que NLJ incumplió su deber de establecer una razón válida que justificara su inacción en el caso, razón por la cual procedía su desestimación y archivo al amparo de la Regla 39.2 (b) de Procedimiento Civil.

**II.**

En nuestro ordenamiento jurídico se favorece que los casos se ventilen en sus méritos.[5] Sin embargo, esto no significa que una parte tenga derecho a que su caso tenga vida eterna en los tribunales, manteniendo así a la otra parte en constante estado de incertidumbre".[6] Por tal razón, la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (b), reglamenta las desestimaciones por inactividad.[7] Específicamente, ésta dispone:

> (b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones

---

[5] *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992).

[6] *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 202-203 (2012); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 369 (2003).

[7] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 265-266 (2021).

sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

Dicha regla es un mecanismo que tiene a su disposición el Tribunal para darle fin a un pleito que fue desatendido por un litigante.[8]

No obstante, el Tribunal Supremo ha resuelto que la desestimación de un caso como sanción debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y después que otras sanciones hayan probado ser ineficaces.[9]

En consecuencia, no debe desestimarse un pleito al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*, sin antes haber impuesto otras sanciones y sin haber un previo apercibimiento.[10] A tenor con ello, planteada una situación que amerite sanciones, el tribunal debe, en primera instancia, imponérselas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones únicamente después de que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida.[11]

Por último, cuando las partes expresen las razones por las cuales no se debe desestimar el caso, el tribunal, entonces deberá balancear los intereses involucrados; de un lado, el interés público

---

[8] *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 49 (2014); *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 720-721 (2009).
[9] *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 222.
[10] *Íd.*
[11] *HRS Erase v. CMT*, 205 DPR 689, 702 (2020); *Mun. de Arecibo v. Almac. Yakima*, supra.

de la resolución expedita de los casos y, del otro, el riesgo de perjuicio al demandado por la dilación. Si no se demuestra un perjuicio verdadero con la dilación, es irrazonable ordenar el archivo.[12]

**III.**

En su único señalamiento de error NLJ aduce que el TPI incidió al desestimar la causa de acción por inactividad procesal en exceso de los seis (6) meses que dispone la regla. Tiene razón.

Al repasar el tracto procesal, surge que el representante legal de NLJ, en cumplimiento con la orden para mostrar causa emitida el 7 de marzo de 2024, explicó sus razones para justificar la presunta inactividad o desatención al proceso judicial. En particular, reseñó que el pleito fue objeto de un trámite apelativo que culminó en mayo de 2023, con la emisión y notificación de un mandato para la celebración de una vista en los méritos para dilucidar la controversia identificada por el Tribunal de Apelaciones. Expresó que, desde entonces, se encontraba en espera de que el TPI calendarizara el señalamiento o algún otro trámite de rigor previo a la vista evidenciaria que el tribunal estimara procedente.

A tenor con la norma jurídica esbozada, si el TPI entendió que las razones ofrecidas por NLJ no justificaban la inactividad del caso, debió, como primera alternativa, sancionar a su representación legal. Del expediente no surge que esto haya ocurrido. Si dicha acción disciplinaria no surtía efecto, el tribunal entonces debió informar a NLJ sobre las consecuencias de no justificar la falta de trámite en el caso y apercibirlo de las implicaciones de que la situación no fuese corregida, para que ésta tomara la acción pertinente. Solamente luego de imponer las sanciones progresivas, es que el TPI debió justipreciar si procedía desestimar el caso.

---

[12] *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 223.

Si bien es cierto que, desde que culminó el trámite apelativo en mayo de 2023 hasta que el TPI emitió la orden de mostrar causa el 7 de marzo de 2024, transcurrieron diez meses sin que ninguna de las partes presentara escrito alguno ante el TPI, el Tribunal Supremo ha sido enfático en que la desestimación de un pleito debe prevalecer únicamente en casos extremos donde quede expuesto el desinterés y abandono total del caso por la parte. Ésta no es la situación del presente caso.

Resulta evidente que el TPI desestimó el reclamo de NLJ sin cumplir con los requisitos procesales discutidos. En consecuencia, procede revocar la sentencia apelada, por ser contraria al derecho aplicable.

**IV.**

Por los fundamentos que anteceden, se revoca la sentencia apelada. Se deja sin efecto la desestimación del caso y se devuelve el mismo al foro de origen para la continuación de los procedimientos cónsono con lo aquí resuelto.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones