ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| JORGE RODRÍGUEZ RIVERA<br><br>Demandante-Recurrido<br><br>v.<br><br>CELIA IVETTE RODRÍGUEZ SILVA<br><br>Demandada-Peticionaria | KLCE202400229 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2022CV02241<br><br>SALA: 702<br><br>SOBRE: DAÑOS, DIVISIÓN O LIQUIDACIÓN DE COMUNIDAD DE BIENES HEREDITARIOS |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparece la parte peticionaria, Celia Rodríguez Silva (en adelante, señora Rodríguez Silva") para solicitarnos que se revise la *"Orden"* emitida el 20 de enero de 2024 y notificada el 24 de enero del mismo año por el Tribunal de Primera Instancia, Sala Superior de Caguas, en la cual declaró *Ha Lugar* la anotación de rebeldía.[1] La peticionaria solicitó *Reconsideración* de la anotación de rebeldía el 1 de febrero de 2024. El 23 de febrero de 2023, la señora Rodríguez Silva presentó el recurso de *Certiorari* que nos ocupa, antes que el Foro *a quo* resolviera la moción de reconsideración, el 6 de marzo de 2024.

El señor Jorge Rodríguez Rivera, (en adelante, señor Rodríguez Rivera" o "parte recurrida") compareció mediante *Contestación al Certiorari.*

---

[1] Apéndice del recurso de *Certiorari,* pág. 1.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se desestima el presente recurso de *Certiorari* por ser prematuro.

**-I-**

El 7 de julio de 2022, la parte recurrida radicó demanda por la cual solicita, entre otras causas de acción, el cobro de las inversiones hechas en una propiedad inmueble cuyo titular es la aquí peticionaria y, daños y perjuicios emocionales por razón de las partes haber estado envueltas en un asunto de violencia doméstica previamente. La causa de acción respecto a las inversiones surge por el reconocimiento hecho por este Tribunal en su *Sentencia* dictada el 23 de agosto de 2021 en el caso KLAN202100251.[2]

El 17 de octubre de 2022 la parte peticionaria presentó *"Moción de Desestimación de la Demanda"* al amparo de la Regla 10.2 de las de Procedimiento Civil.[3] 32 LPRA Ap. V, R10.2(5). Invocó, además, la defensa de cosa juzgada, ya que se habían reclamado causas de acción que ya se habían atendido y/o resuelto por este foro y por el Tribunal de Primera Instancia en el caso civil SL2018CV00028.

El Tribunal de Primera Instancia concedió un término de veinte (20) días al recurrido para expresar su posición. Ante la inacción del señor Rodríguez Rivera, el Foro a *quo* lo apercibió sobre la imposición de sanciones por el incumplimiento. Así las cosas, el 17 de noviembre de 2022 el señor Rodríguez Rivera presentó *"Contestación a Solicitud de Desestimación de la Demanda"*.[4]

---

[2] Apéndice del recurso de *Certiorari*, págs. 3-21. Nota: Según obra en autos, la demanda fue radicada el 7 de julio de 2022, no obstante, el recurrido firmo la demanda con fecha del 30 de junio de 2023.

[3] *Íd.*, págs. 28-34.

[4] *Íd.*, págs. 35-38.

El 20 de octubre de 2023 el foro primario dictó *"Sentencia Parcial"* en la cual desestimó la acción de cobro de los fondos que recibió la demandada de FEMA (Federal Emergency Management Agency, por sus siglas en inglés), para renta de propiedad y para bienes muebles obtenida mediando fraude; además desestimó la acción de la anulación del cobro de hipoteca para saldar propiedad ganancial y desestimó la acción de desahucio de la parte demandada-peticionaria de la vivienda que el demandante-recurrido alegadamente construyó y el cobro de renta por el uso exclusivo de dicha propiedad. Además, ordenó la continuación de los procedimientos en cuanto al cobro de las inversiones realizadas por el demandante propiedades privativas de la demandada previo a la vigencia del matrimonio (liquidación de comunidad de bienes existente previo al matrimonio). A su vez, dictaminó la continuación de los procedimientos en cuanto a los daños físicos y angustias mentales sufridas por el demandante como consecuencia de los actos de violencia doméstica por parte de la demandada.[5]

El 1 de noviembre de 2023 la parte recurrida presentó *"Demanda para Enmendar Demanda y Reconsideración de Sentencia Parcial"*. Arguyó, en esencia, que había obtenido información adicional que requerían la correspondiente enmienda a las alegaciones y, que como la señora Rodríguez Silva no había contestado la demanda no necesitaba permiso del tribunal.[6] El 5 de noviembre de 2023 la parte peticionaria presentó *"Moción de Reconsideración"* respecto a las causas de acción que prevalecieron invocando que había cosa juzgada a tenor con lo resuelto en la *Sentencia* dictada por este Tribunal y por haberse atendido el

---

[5] Apéndice del recurso de *Certiorari*, págs. 39-46.
[6] SUMAC, entrada núm. 19.

reclamo de daños en el caso civil SL2018CV00028.[7] Posteriormente, el 15 de noviembre de 2023, la parte peticionaria solicitó *Prórroga* para contestar la demanda, toda vez que el señor Rodríguez Rivera había solicitado enmendar la demanda.[8]

El 18 de noviembre de 2023 el señor Rodríguez Rivera presentó una *"Moción Informativa"* y en adición una *"Moción solicitando que se desestime reconsideración"*. El 22 de noviembre de 2023, el foro de instancia declaró *No Ha Lugar* a las solicitudes del recurrido.[9] Entiéndase, la enmienda a la demanda y la solicitud de reconsideración.

Posteriormente, el 3 de diciembre de 2023 el señor Rodríguez Rivera, presentó una *"Moción de Reconsideración"* ante la denegatoria de la presentación de la demanda enmendada. Esta fue declarada *No Ha Lugar* por el Tribunal de Primera Instancia. El 22 de diciembre de 2023, el señor Rodríguez Rivera radicó *"Moción Solicitando Anotación de Rebeldía"* a la peticionaria sobre la demanda radicada el 7 de junio de 2023.[10] El 10 de enero de 2024, la peticionaria presentó *"Contestación a la Demanda"*.[11] El 19 de enero de 2024, la parte recurrida presentó *"Moción en Contestación a Demanda"*.[12] En síntesis, arguyó que la contestación de la demanda enmendada presentada se tenía que eliminar por ser relacionado a casos previos entre las partes.

Mediante *"Orden"* dictada el 24 de enero de 2024, el Tribunal de Primera Instancia declaró *Ha Lugar* la anotación de rebeldía solicitada por el señor Rodríguez Rivera y tuvo por no presentada la contestación a la demanda presentada por la peticionaria.[13] El 1 de febrero de 2024, la señora Rodríguez Silva presentó *"Moción de*

---

[7] Apéndice del recurso de *Certiorari*, págs. 50-61.
[8] SUMAC, entrada núm. 21.
[9] Apéndice del recurso de *Certiorari*, págs. 62-67.
[10] *Íd.*, pág. 68.
[11] *Íd.*, págs. 69-75.
[12] *Íd.*, págs. 76-77.
[13] *Íd.*, pág. 1.

*Reconsideración"* en la cual argumentó que no procedía la rebeldía anotada, ya que no se había cumplido con las disposiciones de la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V., R.45., toda vez que se habían hecho alegaciones para defenderse.[14] El 23 de febrero de 2024, la señora Rodríguez Silva presentó el recurso de *Certiorari* que nos ocupa. **El Foro a *quo* no resolvió la moción hasta el 6 de marzo de 2024.**

Inconforme con el dictamen del Tribunal de Primera Instancia, la parte peticionaria presentó el auto de *Certiorari* ante nos, donde le imputó al foro recurrido los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al emitir orden anotando la rebeldía a la compareciente, cuando el Recurrido no cumplió con las disposiciones de la regla 45 de las de Procedimiento Civil.

> Erró el Tribunal de Primera Instancia al anotar la rebeldía a la Peticionaria cuando esta había comparecido en múltiples ocasiones demostrando su interés de defenderse y sin dejar de cumplir con las órdenes judiciales.

El recurrido presentó "*Contestación a Certiorari*", donde expresamente le solicitó a este Tribunal que dejáramos sin efecto la anotación de rebeldía para que el caso sea visto en sus méritos. En esencia, arguye que no cumplió con la Regla 45.1 de Procedimiento Civil, *supra*, y que se allana a la solicitud de la parte peticionaria sobre la remoción de la anotación de la rebeldía.

Examinado el recurso en su totalidad y con la comparecencia de ambas partes, procedemos a establecer el derecho aplicable y a resolver.

-II-

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210

---

[14] *Íd.*, págs. 78-87.

DPR 384, 394 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. *Íd.* De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. *Pueblo v. Ríos Nieves, supra,* pág. 274; *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Íd.* pág. 105. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es por esto que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse de manera rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). (Énfasis suplido).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, motu proprio, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Así pues, estamos imposibilitados de atender recursos prematuros o tardíos. **En lo particular, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes de que este adquiera jurisdicción**. En virtud de ello, carece de eficacia y no produce efectos jurídicos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345,* 370 (2003). (Énfasis suplido).

**Sin embargo, la desestimación de un recurso por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración o cumpla con los rigores que dispone nuestro ordenamiento sobre una efectiva notificación de un dictamen**. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). (Énfasis suplido).

### -III-

El Tribunal de Primera Instancia dictó Orden el 24 de enero de 2024. No obstante, **la señora Rodríguez Silva presentó una *moción de reconsideración* ante el foro de instancia el 1 de febrero de 2024, donde solicitó que se dejara sin efecto la anotación de rebeldía.** Según obra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC por sus siglas en español), **el Foro a *quo* no se pronunció sobre dicha moción**. Así las cosas, la señora Rodríguez Silva presentó el recurso de *Certiorari* el 23 de febrero de 2024. Según se desprende de los autos, entre la fecha de la moción de reconsideración presentada y la fecha de la presentación del recurso los términos para recurrir quedaron interrumpidos para acudir en alzada. Empero, el

Tribunal de Primera Instancia resolvió la *Moción de Reconsideración* el 6 de marzo de 2024 donde la declaró *No Ha Lugar*, fue a partir de dicha fecha que se activó el término para recurrir ante este Tribunal.

Nótese que al momento en que el foro recurrido resolvió la moción precitada, ya la señora Rodríguez Silva había presentado el recurso ante nuestra consideración, por lo que inevitablemente, el recurso se presentó de manera prematura.

Es por ello que, concluimos que el recurso que nos ocupa fue presentado de forma prematura, por lo cual carecemos de jurisdicción para considerarlo. En efecto, al momento de presentarse el mismo, el Tribunal de Primera Instancia tenía pendiente ante sí una moción de reconsideración de la *Orden* emitida. Como se reseñó previamente, la norma es que un recurso apelativo es prematuro cuando el mismo se presenta antes de resuelta una moción de reconsideración de la sentencia u orden recurrida, la cual ha sido oportunamente presentada ante el foro primario. Al ser prematuro el recurso de *Certiorari* de referencia, no tenemos jurisdicción para adjudicarla.

**-IV-**

Por los fundamentos antes expresados, los cuales hacemos formar parte de este dictamen, se desestima el presente recurso de *Certiorari* por ser prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones