Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MICHAEL JOHN CHAKLOS<br><br>Apelante<br><br>v.<br><br>KAREN LOUISE TOOHEY<br><br>Apelada | KLAN202400880 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Centro Judicial de San Juan<br><br>Caso Núm.: BY2024RF01048<br><br>Sobre: DIVORCIO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2024.

Comparece ante nosotros el Sr. Michael John Chaklos (en lo sucesivo, Sr. Chaklos) mediante un recurso de apelación, solicitando la revisión de la *Sentencia* emitida y notificada el 30 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en lo sucesivo, "TPI"). En dicha sentencia, se acogió la moción de desestimación presentada por la Sra. Karen Louise Toohey (en lo sucesivo, Sra. Toohey). En consecuencia, se desestimó la demanda de divorció presentada ante el TPI por el Sr. Chaklos, por falta de jurisdicción.[1]

Por las razones que expondremos, resolvemos modificar la sentencia apelada para disponer que la desestimación de este caso se hace sin perjuicio y, así modificada, se confirma.

**I**

El 18 de junio de 2024, el Sr. Chaklos presentó ante el TPI una demanda de divorcio contra la Sra. Toohey, solicitando la

---

[1] *Apelación Civil*, Ap. 10, págs. 43-44.

Número Identificador

SEN2024_____

disolución de su matrimonio por ruptura irreparable de los nexos de convivencia matrimonial.[2] En su petición, el Sr. Chaklos indicó que había residido en Puerto Rico durante un año antes de presentar la petición de divorcio. Además, este alegó que las partes contrajeron matrimonio el 17 de abril de 1993 en la ciudad de San Clemente del Condado de Orange en el estado de California, y que, durante su matrimonio, adquirieron bienes y deudas de carácter ganancial y tuvieron dos hijos, quienes actualmente eran mayores de edad y no estaban incapacitados. Finalmente, el Sr. Chaklos expresó que le interesaba "la disolución legal del vínculo matrimonial, por la causal de Ruptura Irreparable, ya que está convencido de que ha habido una ruptura irreparable de los nexos de convivencia matrimonial y no desea exponer públicamente las razones para ello."

Luego de haber sido emplazada por edicto,[3] la Sra. Toohey compareció ante el TPI el 14 de julio de 2024 mediante una *Moción Anunciando Representación Legal y Comparecencia Especial sin Someterse a la Jurisdicción.*[4] El 15 de julio de 2024, el TPI emitió y notificó una *Orden,* mediante la cual le advirtió a la Sra. Toohey que tenía hasta el 2 de agosto de 2024 para contestar la demanda.[5] Posteriormente, dicho foro le concedió una prórroga de cinco días a la Sra. Toohey para cumplir con lo ordenado.

En cumplimiento con lo ordenado, el 8 de agosto de 2024, la Sra. Toohey presentó la *Moción de Desestimación […]* que nos ocupa, solicitando que se desestimara la demanda de divorcio presentada en su contra, por falta de jurisdicción.[6] La Sra. Toohey afirmó que, el 30 de mayo de 2024, presentó una demanda de divorcio contra el

---

[2] *Apelación Civil,* Ap. 1, págs. 1-16.
[3] *Apelación Civil,* Ap. 5, págs. 21-24.
[4] Entrada Núm. 7 del Expediente Digital del Caso Núm. BY2024RF01048 en el Sistema Unificado de Manejo y Administración de Casos (en lo sucesivo, "SUMAC").
[5] Véase, además, Entrada Núm. 8 del Expediente Digital del Caso Núm. BY2024RF01048 en el SUMAC.
[6] *Apelación Civil,* Ap. 7, págs. 26-39.

Sr. Chaklos ante la Corte Superior del Condado de Orange, California, bajo el número de caso 24D003931; que, el 7 de junio de 2024, el Sr. Chaklos fue emplazado personalmente en su residencia en el Municipio de Dorado, Puerto Rico; y que, once días después de haber sido emplazado, el Sr. Chaklos procedió a presentar ante el TPI el presente caso con el fin de evitar que la demanda presentada por ella fuera atendida. Añadió que, en el caso de California, se señaló una vista para el 26 de octubre de 2024, en la que se abordará el tema de la jurisdicción.

Asimismo, la Sra. Toohey argumentó que el Sr. Chaklos no había residido de manera continua en Puerto Rico durante el último año previo a la presentación de la demanda de divorcio, lo que invalidaba la jurisdicción del TPI; y que, aun si se tomara dicho hecho como cierto, la demanda fue originalmente presentada ante la Corte Superior del Condado de Orange, lo que otorga a esa corte la jurisdicción exclusiva sobre el caso. Además, argumentó que, en caso de que el TPI determinara que tenía jurisdicción, debía declinar ejercerla aplicando la doctrina de *forum non conveniens*, ya que este no era el foro apropiado para resolver las controversias. La Toohey sostuvo que California, en cambio, sí lo era, ya que ambas partes habían residido allí durante toda su vida y era también el lugar donde se encontraban sus bienes.

Mediante *Orden* emitida y notificada el 8 de agosto de 2024, el TPI le concedió un término de veinte días al Sr. Chaklos para expresar su posición con respecto a la solicitud de desestimación de la demanda presentada por la Sra. Toohey.[7] Habiendo transcurrido dicho término sin que el Sr. Chaklos compareciera, el 30 de agosto de 2024, el TPI dictó y notificó la *Sentencia* apelada acogiendo la moción de desestimación presentada por la Sra. Toohey. En

---

[7] *Apelación Civil*, Ap. 8, pág. 40.

consecuencia, se desestimó la demanda de divorció presentada por el Sr. Chaklos ante el TPI, por falta de jurisdicción. En su dictamen, el TPI concluyó y resolvió lo siguiente:

> "Revisado el expediente, este Tribunal considera que, como cuestión de hecho y de derecho el Tribunal del Condado de Orange del Estado de California tiene y ha ejercido jurisdicción sobre la materia y sobre la persona de las partes de epígrafe. Ello ha ocurrido previo a que este Tribunal y foro pudieran asumir jurisdicción sobre ambas partes. El caso en California ya se encuentra citado para el 26 de octubre de 2024. Se hace constar que no existen hijos menores de edad o incapaces en el presente caso, que el Tribunal venga obligados a proteger. Igualmente, al tratarse de un pleito de ruptura irreparable, no existe liquidación de bienes que tramitar en el presente caso.
>
> Por lo anterior, se declara **HA LUGAR la solicitud de la parte demandada a la desestimación.** El foro apropiado para la atención de las controversias se entiende que es California por haber sido el primero en tener jurisdicción sobre la materia y sobre ambas partes."

En desacuerdo, el Sr. Chaklos acude ante nosotros mediante el presente recurso de *Apelación Civil*. En su escrito, señala los errores siguientes:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA A TRAVÉS DE LA DOCTRINA DE *FORUM NON CONVENIENS*, A PESAR DE NO CONSIGNAR QUE POSEE JURISDICCIÓN SOBRE LA MATERIA Y LAS PARTES.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL TOMAR DETERMINACIONES DE HECHOS SIN CELEBRAR UNA VISTA
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL PLEITO DE AUTOS, POR EL INCUMPLIMIENTO DEL DEMANDANTE DE EXPONER SU POSICIÓN, SIN NOTIFICAR DE DICHA ORDEN AL DEMANDANTE.

El 21 de octubre de 2024, la Sra. Toohey presentó *Alegato de la Parte Recurrida en Oposición a Recurso de Apelación.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A.

La disolución del matrimonio implica "una ruptura definitiva del vínculo y la disolución del régimen económico." Artículo 420 del Código Civil de 2020, 31 LPRA sec. 6744. El divorcio es una causa de disolución del matrimonio. Artículo 417 del Código Civil de 2020, 31 LPRA sec. 6741. El mismo, se puede declarar mediante sentencia judicial o por escritura pública. Artículo 423 del Código Civil de 2020, 31 LPRA sec. 6761. Específicamente, ante un tribunal, una persona que desee disolver su matrimonio puede presentar una petición conjunta de divorcio por consentimiento o una petición conjunta o individual por ruptura irreparable. Artículo 425 del Código Civil de 2020, 31 LPRA sec. 6772.

En cuanto a los requisitos jurisdiccionales para poder solicitar un divorcio en Puerto Rico, el Artículo 424 del Código Civil de 2020, 31 LPRA sec. 6771, establece lo siguiente:

> "Ninguna persona puede solicitar u obtener la disolución de su matrimonio por divorcio, de conformidad con las disposiciones de este Código, **si no ha residido en Puerto Rico por un año, de manera continua e inmediatamente antes de presentar la petición, a menos que los motivos que dan lugar a la petición individual en que se funde haya ocurrido en Puerto Rico o cuando uno de los cónyuges reside aquí.** El periodo de residencia del cónyuge promovente puede ser menor si la muerte presunta del cónyuge ocurre en Puerto Rico." (énfasis suplido).

### B.

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando

no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009). Así las cosas, la Regla 10.2 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V) permite a las partes presentar, mediante moción fundamentada, las defensas de falta de jurisdicción sobre la persona y/o sobre la materia.

En caso de que su jurisdicción sea cuestionada, es parte del deber ministerial del tribunal, examinar y evaluar con rigurosidad dicho señalamiento; "ciertamente, no tiene discreción para asumir jurisdicción allí donde no la hay." *Id.*; *Carittini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003). Es decir, "la ausencia de jurisdicción es insubsanable." *Id.* Consecuentemente, en caso de que el tribunal concluya que carece de jurisdicción, procede la desestimación del caso. *Id.* Véase, además, Regla 10.8(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.8(c). Entiéndase que, en dicho caso, "[e]l tribunal que no tiene la autoridad para atender un recurso, solo tiene jurisdicción para así declararlo y proceder a desestimar el caso." *Id.*; *S.L.G. Sola-Maldonado v. Bengoa Becerra, supra*.

### C.

El derecho internacional privado estudia y explica las leyes aplicables a controversia vinculadas a más de un Estado. *Ramírez Sainz v. S.L.G. Cabanillas*, 177 DPR 1 (2009). Cuando se está ante esta realidad, los tribunales deberán dirimir sobre si el foro local es el más adecuado para atender la controversia, aun cuando tenga jurisdicción y sea competente. *Id.* Esto tiene el propósito de "evitar que un tribunal tenga que atender controversias con las cuales tiene

poca relación o interés." *Id.* Para dicha determinación se utiliza la doctrina de *forum non conveniens.*

Nuestro Tribunal Supremo ha incorporado la doctrina del foro más conveniente o *forum non conveniens* con el propósito de permitirle "a los jueces rehusar ejercer su jurisdicción en circunstancias excepcionales, a favor de los intereses de las partes y la justicia." *Ramírez Sainz v. S.L.G. Cabanillas,* supra. Véase, además, *Bonet Cardona v. Holahan et al.,* 181 DPR 582 (2011).

Antes de acoger una moción de *forum non conveniens,* el tribunal "está obligado a constatar que efectivamente tiene jurisdicción y competencia sobre las partes y la materia." SLG *Valencia v. García García,* 187 DPR 283 (2012); *Ramírez Sainz v. S.L.G. Cabanillas,* supra. Luego de establecer este elemento de umbral, el peso de la prueba lo ostentará el demandado, quien "debe de probar *prima facie* que existe un foro alternativo que es claramente más apropiado que el doméstico y más conveniente a los intereses de las partes y a los fines de la justicia." *Id.* Así las cosas, el peticionario de una paralización o desestimación bajo este análisis, tiene que demostrar que mantener el pleito ante el foro doméstico es "claramente gravoso, injusto, perjudicial y dañino" y que existe otro foro más apropiado. *Id.* De lograr demostrarlo, el peso de la prueba se invierte al demandante que entonces debe demostrar las circunstancias especiales que, según su entender, justifican que se atienda el caso en el foro doméstico. Esto anterior con excepción de que la notificación judicial sea *ex juris.* Entiéndase que, los demandados estén fuera de la jurisdicción. Bajo este contexto, el peso de la prueba de demostrar que el foro doméstico es el más apropiado recae en el demandante desde que presenta la demanda. *Id.*

El Tribunal Supremo ha identificado factores privados que debe de considerar un tribunal para determinar si el foro es claramente inapropiado. Estos son, entre otros, los siguientes:

> "la conveniencia para las partes de litigar en el Estado donde se encuentra el foro; la localización de las fuentes de prueba y los mecanismos para obtenerlas; si la petición para paralizar se presenta en un momento oportuno; los términos prescriptivos; el reconocimiento de sentencias y la posibilidad de ejecutar la sentencia en el país donde el demandado tiene sus bienes." *Id.*

Estos factores son meramente ilustrativos, puesto que el tribunal "debe escrutar la sustancia de la disputa y evaluar los criterios realmente pertinentes." *Id.* En cuanto a los factores públicos, estos no se deben de tomar en consideración debido a que el Tribunal Supremo ha expresado que los mismo no son acordes al propósito de la doctrina. Tampoco deberá discriminarse a base de la nacionalidad o residencia habitual de las partes. *Id.* En caso de que el tribunal entienda que se demostró que existe otro foro más apropiado para atender la controversia, deberá desestimar la demanda para que la misma se presente en el tribunal más adecuado o paralizar los procedimientos hasta que se resuelva la controversia en el otro foro. *Id.* La opción de paralización permite que se retomen los procedimientos en caso de que el foro alterno no ejerza su jurisdicción y "asegurar que un tribunal competente efectivamente considere el reclamo de una parte diligente." *Id.* Por último, es preciso destacar que la doctrina establece que, los tribunales tienen discreción para decidir si paralizan un procedimiento, por lo cual, tal decisión deberá ser revisada por los foros apelativos aplicando el estándar de abuso de discreción. *Id.*

**III**

El Sr. Chaklos señala tres errores cometidos por el Tribunal de Primera Instancia en su recurso de apelación. En primer lugar, argumenta que el Tribunal de Primera Instancia erró al desestimar la demanda invocando la doctrina de *forum non conveniens*, sin

haber consignado que poseía jurisdicción sobre la materia y las partes. En segundo lugar, alega que el Tribunal de Primera Instancia cometió un error al tomar determinaciones sobre los hechos del caso sin celebrar una vista previa, lo cual privó a las partes de presentar evidencia o argumentos. Por último, alega que la desestimación se basó en su incumplimiento con la orden que le concedía la oportunidad de expresarse respecto a la moción de desestimación, afirmando que no se le notificó dicha orden.

El Artículo 424 del Código Civil, *supra*, establece que, para que un tribunal en Puerto Rico tenga jurisdicción sobre un caso de divorcio, el peticionario debe haber residido en Puerto Rico de manera continua por al menos un año antes de presentar la demanda. Esta regla admite excepciones cuando los motivos del divorcio ocurrieron en Puerto Rico **o uno de los cónyuges reside en la Isla.**

Por otra parte, la doctrina de *forum non conveniens* permite a un tribunal declinar su jurisdicción para entender un caso, si considera que existe otro foro más adecuado o conveniente para las partes y los hechos involucrados. El tribunal, al aplicar esta doctrina, evalúa factores como la ubicación de las pruebas, los testigos, los bienes involucrados y la residencia de las partes, con el objetivo de asegurar que el caso se litigue en el foro que mejor sirva a los intereses de justicia y conveniencia.

Antes de analizar si procede acoger una solicitud de *forum non conveniens*, el Tribunal de Primera Instancia viene obligado a constatar que efectivamente tiene jurisdicción y competencia sobre las partes y la materia. Superado este paso, el demandado que intente paralizar un litigio fundamentándose en la doctrina de *forum non conveniens* tiene que probar que el foro doméstico resulta claramente inapropiado y que hay un tribunal en otro estado que también tiene jurisdicción y que es claramente el más apropiado

para resolver la disputa. Si ello se demuestra, el tribunal doméstico debe paralizar los procedimientos y concederle término al demandante para que presente su reclamación en el foro adecuado. La demanda original se desestimará si el demandante no presenta su acción en el foro alternativo en el tiempo concedido para ello o si una vez presentado su reclamó el foro alternativo asume jurisdicción. Por el contrario, si el demandante presenta su reclamación a tiempo y el foro alternativo determina no asumir jurisdicción, el tribunal doméstico original debe continuar con los procedimientos.

Luego de evaluar cuidadosamente el recurso de apelación presentado por el Sr. Chaklos, este Tribunal confirma que el Tribunal de Primera Instancia concluyó correctamente que el tribunal de California tenía jurisdicción y que era el foro más adecuado, dado que ya había asumido jurisdicción y que la controversia estaba más vinculada a dicho foro. De la sentencia apelada, surge que el TPI evaluó de manera adecuada los factores pertinentes.

Ahora bien, entendemos que la desestimación debe ser sin perjuicio, lo cual permitirá a las partes la opción de regresar al Tribunal de Primera Instancia de Puerto Rico, en caso de que los procedimientos en el tribunal de California no prosperen. Por lo tanto, resolvemos modificar la sentencia apelada para disponer que la desestimación de este caso se hace sin perjuicio.

Finalmente, el Tribunal de Primera Instancia no estaba obligado a celebrar una vista en los méritos, ya que la decisión se limitó a la cuestión de la jurisdicción y no a una resolución sobre los méritos del divorcio. La desestimación se basó en una determinación procesal relacionada con la jurisdicción y la aplicación de *forum non conveniens*. Por tanto, no era necesario celebrar una vista formal sobre los hechos.

Además, la desestimación no se fundamentó en el incumplimiento del Sr. Chaklos con la orden que le permitía expresar su posición respecto a la moción de desestimación. El tribunal evaluó la solicitud de desestimación y la prueba presentada por la Sra. Toohey, la cual no fue refutada por el Sr. Chaklos. Esta prueba, que indicaba que ya existía un procedimiento en California con jurisdicción sobre el divorcio, le mereció credibilidad al tribunal.

Por lo tanto, los señalamientos de error segundo y tercero en el recurso de apelación no tienen mérito.

**IV**

Por los fundamentos expuestos, resolvemos modificar la sentencia apelada para disponer que la desestimación de este caso se hace sin perjuicio y, así modificada, se confirma.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones