| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
|---|---|---|
| EDITH ORTIZ FELICIANO<br><br>Parte Recurrida | | *Revisión Judicial,* procedente de la Comisión Industrial de Puerto Rico |
| v. | KLRA202500005 | Caso C.I. Núm.:<br>13-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-01<br><br>Caso C.F.S.E Núm.:<br>10-77-00324 |
| CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Parte Recurrente | | Sobre:<br>Conferencia con Antelación a Vista |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2025.

Compareció ante nos la parte recurrente, Corporación del Fondo del Seguro del Estado (en adelante, "CFSE" o "Recurrente"), mediante *Recurso de Revisión* y nos solicita que revoquemos la *Resolución* que emitió la Comisión Industrial de Puerto Rico (en adelante, "Comisión") el 29 de octubre de 2024[1]. En el referido dictamen, el foro recurrido declaró "No Ha Lugar" la defensa de incuria que invocó la CFSE y ordenó al Administrador de la Corporación a que emitiera una decisión sobre la incapacidad de la Sra. Edith Ortiz Feliciano (en adelante, la "Recurrida" o "señora Ortiz Feliciano").

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de autos por falta de jurisdicción.

---

[1] La *Resolución* fue notificada el 15 de noviembre de 2024. *Véase*, Apéndice del Recurrente, págs. 14-15.

Número Identificador
SEN2025_____

**I.**

La señora Ortiz Feliciano, enfermera práctica de Yauco Health Care Corporation, presentó una reclamación ante la CFSE el 14 de octubre de 2009, por causa de un accidente laboral.[2] Después de ser evaluada por el personal médico de la Recurrente, el Administrador de la CFSE emitió su decisión sobre la condición de la señora Ortiz Feliciano y el tratamiento médico a seguir.[3]

Luego de culminar el tratamiento indicado, la CFSE determinó que la Recurrida resultó con una incapacidad parcial y procedió a darle el alta definitiva.[4] Posteriormente, la Recurrente notificó la *Decisión del Administrador sobre Incapacidad Parcial Permanente*, en la que adjudicó seis por ciento (6%) en la región cervical y quince por ciento (15%) en el área de la muñeca de su mano derecha.[5] En el 2013, la señora Ortiz Feliciano presentó una solicitud de reapertura de su caso.[6] El 7 de octubre de 2013, la CFSE denegó su petición "[p]or ser el tratamiento requerido uno de sostén".[7] De esta decisión, la Recurrida acudió en apelación ante la Comisión, por conducto de la Lcda. Nilsa C. Morales Lehman (NML Corp.) y quien para ese entonces informó que su dirección postal era Calle Vives #70, Ponce PR 00730-3760.[8]

Tras varios trámites procesales, el 28 de octubre de 2021, la señora Ortiz Feliciano presentó ante la CFSE una "**Moción Solicitando Incapacidad Total**".[9] El 14 de marzo de 2022, la Recurrente notificó la *Decisión Denegatoria de Incapacidad Total por Moción*, que denegó la petición y ordenó el cierre y archivo del caso.[10] Entendió la CFSE que la Recurrida recibió un tratamiento adecuado para su condición y fue justamente compensada.[11] Dicha determinación fue notificada a la representación legal de la parte recurrida, la licenciada Morales Lehman, a

---

[2] *Véase*, Apéndice del Recurrente, pág. 1.
[3] Íd., pág. 2.
[4] Íd., pág. 3.
[5] Íd., pág. 4.
[6] Íd., pág. 5.
[7] Íd., pág. 6.
[8] Íd., págs. 7-8.
[9] Íd., pág. 10.
[10] Íd., págs. 11-12.
[11] Íd.

la siguiente dirección: NML CORP, 70 Calle Vives, Ponce, PR 00730; entiéndase, a la última dirección informada por esta última.[12]

Inconforme, la señora Ortiz Feliciano presentó, cuarenta y cinco (45) días después de notificarse la *Decisión*, una "**Apelación**" ante la Comisión. En específico, su representante legal expuso que la decisión apelada "NO fue notificada a la abogada que suscribe […]", por lo que los términos no transcurrieron. Por consiguiente, solicitó que la Comisión aceptara la "**Apelación**" "como una radicada dentro del término de ley y suplicó que cualquier otra acción sobre el caso se le notificara a la dirección de su bufete: Lcda. Nilsa C. Morales Lehman, Calle Vives #70, Ponce, PR 00730-3760. **De los autos no se desprende trámite ulterior sobre dicho proceso apelativo**.

Tras dos (2) años de presentada la "**Apelación**", el 15 de noviembre de 2014, la Comisión notificó una *Resolución* que declaró "No Ha Lugar" la defensa de incuria que invocó la CFSE y ordenó al Administrador de la Corporación a que emitiera una decisión institucional sobre la incapacidad de la señora Ortiz Feliciano. Insatisfecha con lo resuelto, la Recurrente acudió ante este Tribunal intermedio mediante el recurso de epígrafe, en el que señaló los siguientes dos errores:

> Erró la Comisión Industrial al abusar de su discreción y ordenar a la CFSE emitir Decisión Institucional sobre condiciones orgánicas atendidas y resueltas por la CFSE mediante Decisión del Administrador sobre Tratamiento Médico, que **nunca** fueron apeladas ante dicho foro y que advinieron finales y firmes, por lo que actuó sin tener jurisdicción sobre dichos aspectos.

> En la alternativa, erró la Honorable Comisión Industrial al descartar la defensa de incuria y no considerar su aplicabilidad conforme a los hechos del presente caso.

## II.

### A.

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v.

---

[12] Íd., pág. 12.

Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves*, supra*, pág. 273*;* Pérez Soto v. Cantera Pérez, Inc., *et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves*, supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003). Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, *motu propri*o, un recurso por falta de jurisdicción. Regla 83(B)(1) y (C) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU"), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. López Rivera v. Adm. de Corrección, 174 DPR 247, 254-255 (2008).

Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión judicial

ante este Tribunal de Apelaciones. OEG v. Martínez Giraud, 210 DPR 79, 88 (2022); AAA v. UIA, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. OEG v. Martínez Giraud, *supra*, pág. 88; Secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

[…]

> La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd.

Por último, es necesario señalar que la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. Rosario Domínguez v. ELA, 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Íd*.,* págs. 208-209.

**III.**

Después de examinar con detenimiento los documentos que obran en el expediente de autos, advertimos que la Comisión erró al emitir la *Resolución* recurrida, pues no tenía jurisdicción para intervenir en la controversia planteada ante su consideración, conforme dispone la Regla 6 de las *Reglas de Procedimiento de la Comisión Industrial de Puerto Rico*, Reglamento Núm. 7361 de 21 de mayo de 2007 (en adelante, Reglamento 7361).[13] En particular, la norma establece claramente que "[t]oda persona que resulte adversamente afectada por una Decisión del Administrador [de la CFSE] podrá apelarla ante la Comisión dentro del término de **treinta (30)** días, contados **a partir de la fecha de la notificación de la misma**. **Este término es de carácter jurisdiccional**".[14]

Como mencionamos en la primera parte de esta *Sentencia*, la Recurrida presentó su "**Apelación**" el 28 de abril de 2022, entiéndase, cuarenta y cinco (45) días después de haberse notificado la decisión de la CFSE. Es decir, conforme a la Regla 6 del Reglamento 7361, la señora Ortiz Feliciano tenía hasta el 13 de abril de 2022, para presentar su apelación. No obstante, la sometió el 28 de abril de 2022, quince (15) días después de vencido el plazo jurisdiccional. Aunque la Recurrida alega que no fue notificada por la CFSE de la decisión, al examinar el dictamen apelado ante la Comisión, constatamos que la dirección que informa la representante legal de la Recurrida desde que asumió su representación legal en el 2014, así como en la "**Apelación**" en controversia, **es la misma que aparece en la constancia de notificación del dictamen que impugnó ante la Comisión**. Por tanto, es improcedente en derecho su alegación de falta de notificación ante ausencia de evidencia a esos efectos que se desprenda del expediente y a la luz de la presunción controvertible de recibo de la notificación establecida en la Regla 304 (23) de las de Evidencia, 32 LPRA Ap. VI.[15]

---

[13] Este era el Reglamento que se encontraba vigente al momento de emitirse la Decisión apelada ante la Comisión.

[14] Regla 6 del Reglamento Núm. 7361, *supra* (énfasis suplido).

[15] *Véase además*, Sección 3.13 (c) de la LPAU, 3 LPRA sec. 9653.

A tenor con lo anterior, concluimos que la *Resolución* apelada es nula por haberse dictado sin jurisdicción. <u>Maldonado v. Junta de Planificación</u>, *supra*. Por consiguiente, carecemos de autoridad en ley para entender en los méritos del recurso ante nos y lo único que resta es su desestimación.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se desestima el *Recurso de Revisión* presentado por la CFSE por falta de jurisdicción, pues la Comisión carecía de autoridad legal para adjudicar los méritos de la "**Apelación**" interpuesta por la Recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones