Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| OSVALDO FIGUEROA ROSARIO<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00110 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Violación al debido proceso de ley |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece ante nos el recurrente, Osvaldo Figueroa Rosario (en adelante, recurrente o Figueroa Rosario), y nos solicita la revisión de la *Resolución* notificada el 2 de febrero de 2026 por Oficial Examinador, el señor Javier D. Núñez Otero. Mediante esta, encontró incurso al recurrente de infringir los Códigos 106 y 109 de la Regla 15 del *Reglamento para establecer procedimientos Disciplinarios de la Población Correccional* del 8 de octubre de 2020, Reglamento Núm. 9221 (en adelante, Reglamento Núm. 9221).

Por los fundamentos que expondremos a continuación, *se desestima* el recurso de epígrafe por falta de jurisdicción.

### -I-

El 6 de noviembre de 2025 el recurrido, el Departamento de Corrección y Rehabilitación (en adelante, recurrido o DCR), presentó un *Informe Disciplinario* contra el recurrente por violentar los Códigos 106 y 109 de la Regla 15 del Reglamento Núm. 9221, así como el Código 200 de la Regla 16 de dicho estatuto.[1] Tras varios

---

[1] Expediente Administrativo, págs. 1-4.

incidentes procesales, el 21 de enero de 2026 se celebró una vista disciplinaria ante el Oficial Examinadora. Evaluada la prueba presentada, el 2 de febrero de 2026, este notificó la *Resolución* recurrida, mediante la cual concluyó que el recurrente infringió únicamente los Códigos 106 y 109 de la Regla 15 del Reglamento Núm. 9221.[2]

En desacuerdo, el 10 de febrero de 2026, el recurrente presentó una *Solicitud de Reconsideración [...]*.[3] Consecuentemente, el 19 de febrero de 2026, el Oficial Examinador notificó una *Resolución,* en la cual acogió la petición e informó que la misma sería evaluada dentro de los noventa (90) días siguientes a la radicación de dicha solicitud.[4]

No obstante, el 16 de marzo de 2026, el recurrente presentó el recurso de *Revisión Judicial* ante nos.[5] A pesar de no haber hecho un señalamiento de error específico, el recurrente nos solicitó la revisión de la aludida determinación.

Por su parte, y en cumplimiento con nuestra *Resolución* emitida el 17 de marzo de 2026, el DCR, representado por la Oficina del Procurador General de Puerto Rico, presentó una *Solicitud de Desestimación* el 7 de abril de 2026

### -II-

### -A-

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Íd.*

---

[2] *Íd.*, págs. 21-22.
[3] *Íd.*, págs. 24-26.
[4] *Íd.*, pág. 23.
[5] Cabe destacar que no surge de los documentos que obran en autos que el recurrente haya presentado la *Declaración en Apoyo de Solicitud para Litigar como Indigente* (*In Forma Pauperis*)

De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*. *Pueblo v. Ríos Nieves*, supra, pág. 273-274. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Por otro lado, según se ha definido, un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). Un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc.,* supra, pág. 370. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó*, supra, pág. 107.

### -B-

Por otra parte, la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según

enmendada, 3 LPRA sec. 9601 *et seq.* (en adelante, LPAU), define el ámbito de la revisión judicial. Por disposición expresa de la Sección 4.2 del referido estatuto, 3 LPRA sec. 9672, solamente pueden ser revisadas aquellas órdenes o resoluciones finales dictadas por las agencias o sus funcionarios administrativos.

En lo pertinente a lo que nos ocupa, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, dispone lo siguiente en cuanto a una solicitud de reconsideración:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

### -III-

De un examen del expediente que obra en autos se desprende claramente que el recurso ante nuestra consideración fue presentado de forma prematura. Por tal razón, este Foro Apelativo carece de jurisdicción para atender el mismo.

Emana del expediente administrativo que, en desacuerdo con la *Resolución* notificada por el Oficial Examinador el 2 de febrero de 2026, el recurrente presentó el 10 de febrero de 2026 una *Solicitud*

*de Reconsideración* dentro del término dispuesto por ley, la cual fue acogida por el Departamento dentro de los quince días. Tal gestión procesal interrumpió el curso de los términos jurisdiccionales para acudir ante nos, los cuales solo reanudarían su decurso una vez la agencia resuelva su petición o, en su defecto, expire el plazo que esta tiene para actuar.

No obstante, estando todavía pendiente de adjudicación la reconsideración, el recurrente presentó el 16 de marzo de 2026 el recurso de epígrafe. Ante este escenario, justipreciamos que la comparecencia ante este Tribunal constituye un intento anticipado de activar nuestra facultad revisora.

Por consiguiente, siendo la disposición final de la decisión de la agencia un requisito básico y jurisdiccional para que este Foro pueda ejercer su función revisora, y al carecer de finalidad la *Resolución* recurrida, nos vemos impedidos de atender en los méritos el reclamo del recurrente. Siendo así, ante la comparecencia prematura del recurrente, estamos obligados a declararnos sin jurisdicción y desestimar el recurso presentado.

## *-IV-*

Por los fundamentos antes esbozados, los cuales hacemos formar parte de nuestro dictamen, *desestimamos* el recurso ante nos por carecer de jurisdicción, al haberse presentado de forma prematura.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones